Rachlis, Appellant, v. Greer, Appellee.*

(No. 8794—Decided October 24, 1960.)

*Messrs. Ginocchio & Ginocchio,* for appellant.
*Mr. Edward J. Utz* and *Messrs. Pogue, Helmholz, Culbertson & French,* for appellee.

*Per Curiam.* This action arose out of a collision between two automobiles in the intersection of Rochelle Street and Euclid Avenue, in the city of Cincinnati, on November 24, 1955. The plaintiff was a guest in the automobile which approached the intersection on Euclid Avenue and it had the right of way as against the defendant's automobile which he was operating on Rochelle Street.

The plaintiff received personal injuries in the collision, and this action was instituted against the operator of the automobile that entered the intersection on Rochelle Street.

The jury, on the issues, found for the defendant. The court entered judgment and overruled the plaintiff's motion for a new trial. This appeal is from that judgment.

The first assignment of error which we consider is the claim that the verdict is manifestly against the weight of the evidence. The evidence is conflicting as to the conduct of the two opera-

*Motion to certify the record overruled, January 25, 1961.

tors of these automobiles as they approached and while they were in this intersection. Whether either or both were negligent depended on the credibility of the witnesses and the inferences to be drawn from circumstantial evidence.

We would not be justified in setting aside this judgment as manifestly against the weight of the evidence.

The plaintiff presented special charge No. 1 and special charge No. 5, the former of which the court gave to the jury, and the latter was refused.

Special charge No. 1 is as follows:

"Members of the jury, the court charges you as a matter of law that in determining the issues in this case it is your legal duty to take into consideration the fact that the plaintiff, Albert Rachlis, was a passenger in the automobile involved in this accident and you are not permitted to impute or, in other words, charge to plaintiff, Albert Rachlis, the negligence, if any, of the driver of the automobile in which Albert Rachlis was a passenger."

It will be observed that the charge purports to cover only one phase of this case. It does not cover the entire case and state the conditions under which the plaintiff would be entitled to a verdict.

The plaintiff also requested special charge No. 5, as follows:

"Members of the jury, the court charges you, as a matter of law, that if you find from the greater weight of the evidence that Albert Rachlis was a guest in a car operated by Joseph Schwartz and that the defendant, Roger Greer, was guilty of any one or more of the negligent acts alleged in plaintiff's petition, and that you further find by the greater weight of the evidence that Joseph Schwartz was also guilty of negligence, and you further find by the greater weight of the evidence that the combined negligence of the driver of both cars proximately caused and brought about the accident in this case, and that the plaintiff, Albert Rachlis, was in the exercise of ordinary care, then your verdict must be for the plaintiff, Albert Rachlis."

We find that this special charge contains a correct statement of the law with a correct application of that law to the specific facts of the case as submitted to the jury. The charge should have been given. It was error to refuse it unless the

court gave its substance in charge No. 1. A comparison of the two charges discloses that in charge No. 5 the court applied the abstract principle stated in charge No. 1 to the specific issues in the case at bar and also dealt with all the other issues, stating correctly the conditions under which the plaintiff would be entitled to a verdict.

We cannot say therefore that the court had covered the same field in special charge No. 1, and, as special charge No. 5 contained a correct statement of the law and applied it to all the issues in this case, it was error to refuse it.

Error is assigned in the giving of special charge No. 4, requested by the defendant. This charge is as follows:

"You are instructed that if you find from the evidence that defendant Greer approached the scene of the collision complained of from the right of the vehicle occupied by plaintiff Rachlis and in a lawful manner, defendant Greer had the right of way and the right to proceed uninterruptedly in a lawful manner in the direction in which he was moving in preference to another vehicle approaching into defendant Greer's path from defendant Greer's left."

We are of the opinion that this charge contains a correct statement of the law and that the court did not err in so charging.

We find no other prejudicial error in the record.

For refusal to give special charge No. 5, the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

MATTHEWS, P. J., and O'CONNELL, J., concur.

LONG, J., dissenting. I cannot agree with my colleagues in their decision that charge No. 5 of plaintiff should have been given to the jury. That charge says that if the jury found that defendant *"was guilty of any one or more of the negligent acts alleged in plaintiff's petition,"* the verdict must be for the plaintiff. This is not the law. The defendant cannot be responsible for an act alleged to be negligence unless the doing of that act amounts to negligence in law. It is possible for a plaintiff to

allege that the doing of many things amounts to negligence, but just because the plaintiff says it is negligence does not make it so. Let us look at the negligence charged in the petition. One of the charges of negligence alleged is "that defendant failed to keep a look-out ahead *for traffic reasonably to be expected.*" Two or more persons may be equally reasonable, and yet what each expected at any one time at a particular place would be a matter peculiar to each individual. There is no standard that I know of by which you can test the expectations of anybody, regardless of how reasonable he may be. It is true that this very charge was used in the case of *Esterly* v. *Youngstown Arc Engraving Co.*, 59 Ohio App., 207, but a reading of the petition in that case discloses that all allegations of negligence contained in the petition are accepted legal definitions of negligence. It was therefore proper for the court to refuse to give charge No. 5, to the effect that if the jury found defendant guilty of *any* of the negligent acts alleged in the petition they must return a verdict for plaintiff. One of those allegations in the petition was "failure to keep a look-out ahead for *traffic reasonably to be expected.*" Whether the expectation is reasonable or not does not constitute negligence in the operation of a motor vehicle. There is no such thing as a standard of care based on reasonable expectations.

In my opinion, charge No. 5 was properly refused. The judgment should be affirmed.