HOFFMAN *v.* NICKLOES.

(No. 33119—Decided September 5, 1967.)

Common Pleas Court of Clermont County.

*Messrs. Ely, Moore & Tilburg,* for plaintiff.
*Messrs. Moore, Moore & Moore,* for defendant.

NICHOLS, J. This case was tried before a jury and resulted in a verdict for the defendant. The attorneys for the plaintiff have filed a motion for new trial setting out errors of law occurring at the trial and excepted to, particularly errors of the court's charge, and errors in respect to refusing special charges requested by the plaintiff, and giving special charges offered by the defendant. Both parties appeared and orally argued for and against the granting of the motion, and both parties submitted written memorandum in support of their position.

The case was complicated from the court's standpoint

due to the fact that the plaintiff was a guest in the car in which he was riding, and the defendants, among other things, set up a defense that the driver of the car in which the plaintiff was riding, was intoxicated to such an extent that the guest assumed the risk of his host's conduct and thereby was guilty of contributory negligence.

A motion for summary judgment on this basis was filed by the defendant, and supported by testimony of the plaintiff taken on cross-examination. The court felt that the testimony from the deposition was not sufficient to grant a summary judgment and overruled the same.

The basis of the claim by the defendant that the plaintiff could be charged with contributory negligence on the basis of the law established and in an opinion by Judge Osborne in the case of *Clos* v. *Bauer*, 6 Ohio Misc. 71, which states that a guest passenger in an automobile assumes a risk of his host's conduct, and is guilty of contributory negligence where there is knowledge of danger to himself by reason of the intoxication of the driver and a willingness to continue to ride with a driver who is intoxicated and not in control of his mental and physical faculties. There was certain evidence that the plaintiff, Walter R. Hoffman, and the driver of his car had both been drinking, but not nearly to the extent as was shown in the *Clos case*, and not nearly sufficient evidence of drinking that would charge him with being chargeable with contributory negligence.

The question comes up, that even though the court had ruled on the testimony on the motion for summary judgment, there was no way of telling until the evidence was actually adduced at the trial, the extent of the drinking that was done by the driver of the plaintiff's car, or whether or not he was driving at an excessive speed.

In the *Clos case* the operator was driving in excess of 70 miles per hour, more than 30 miles per hour above the legal speed limit, and was going on a two-lane highway on a holiday weekend and swerving in and out of traffic. No such evidence was produced in the present case, but the court felt that he was obligated to permit the testimony to see whether or not there was more testimony on this line

than was originally presented on the motion for summary judgment, and if so, would the plaintiff come within the provisions of the law set down in the *Clos case.*

Motions for judgment for the defendant were made by his attorneys at all possible points during the trial; at the close of the opening statement, the close of the plaintiff's testimony, and at the close of the evidence as a whole, all of which were refused, and I feel certain, rightfully so, by the court.

The court, having permitted this type of evidence, felt a responsibility to charge the jury that the plaintiff was not responsible for any negligent act of the driver of his car, and in the general charge included the following statement:

"Now, there has been some evidence of conduct on the part of the driver of the car in which the plaintiff was riding. The court charges you that the plaintiff in this case, is not responsible for any negligent act that the driver of his car might have indulged in. We are trying it solely on the question of the negligence, if any, of the defendant, and whether or not that negligence was a cause, or caused the accident."

The court did advise the attorneys, prior to their arguments, that that would be included in its general charge. There were submitted, by both parties, a number of requests for special charges, and one of the main complaints of the attorney for the plaintiff was that the court refused his charges "A" and "B." These charges, without question, state a basic principle of law, and the one charge "A" is to the effect that any negligence on the part of the driver of the plaintiff's car was not imputed to the passenger, and charge "B" was to the effect that if both the driver of the plaintiff's car and the defendant were guilty of negligence, and that if they found the combined negligence of the drivers was the proximate cause of the injury, then the verdict must be for the plaintiff. These, of course, are correct abstract principles of law, and there is no question that if they are pertinent to one or more of the issues in the case, they should have been given; and in

the same way certain charges requested by the defendant contained correct statements of law, and if they were pertinent, should have been given.

The court tried the case and believes that he submitted the case to the jury on the sole question of the negligence of the defendant. The issue was whether or not the defendant was guilty of negligence, and whether that negligence caused the accident, and therefore, any charge in respect to the negligence or lack of negligence on behalf of the plaintiff was not pertinent to the case, and therefore not subject to a proper charge.

The court has examined carefully the decision of the Court of Appeals of Hamilton County in the case of *Rachils* v. *Greer*, 113 Ohio App. 247, in which it is stated specifically that the refusal to grant a special charge which clearly stated the law was error, and the court reversed the case on the ground that their special charge No. 5 was refused. Charge No. 2 in this case that was likewise refused by this court, is almost identical in wording to the charge in the *Rachils case*. The court feels, however, that there is a great difference in the applicability of this particular charge. It will be noted in the body of the opinion in the *Rachils case* it is stated, "the evidence is conflicting as to the conduct of the two operators of automobiles as they approached, and while they were in this intersection. Whether either or both were negligent depended on the credibility of the witnesses and their inferences to be drawn from circumstantial evidence." It will, therefore, be seen clearly that in the *Rachils case*, the question of the negligence of both of the drivers was submitted to the jury, and to be decided by them on the credibility of the various witnesses.

In this case, the question of negligence of the driver of the plaintiff's car was not submitted to the jury, and it was submitted solely as to whether or not the defendant was guilty of negligence. The other case relied on by the plaintiff is also a case coming up from the Hamilton County Court of Appeals in the case of *Washington Fidelity Insurance Company* v. *Herbert*, 125 Ohio St. 591.

This case in a syllabus states that the parties have a right to have instructions given when requested in writing, and further that the court commits error in refusing to give such charge if it is proper. The memorandum submitted by the plaintiff in support of the motion for a new trial cites this case, but it seems to the court that they failed to include all of the ruling of the court and left out what was a vital part of the decision. The Supreme Court in the first syllabus states that the charge must be given if it is a correct statement of the law, but then it follows with the statement, "pertinent to one or more issues and applicable to evidence adduced in the case."

The court, likewise, feels that due to the fact the case was submitted to the jury solely on the question of negligence of the defendant, that it was not necessary or proper to give this charge. Therefore, if the court had to rule solely on these arguments, on these bases, the court feels that the motion for a new trial should not be granted.

There is another question, however, that has caused great concern to the court, and is of vital importance. As stated before, because of the possibility of the defendants being able to produce sufficient evidence to charge the plaintiff with the responsibility of being subject to the law of contributory negligence, even though he was a passenger in the car, or the possibility of the defendants offering sufficient testimony to have the court submit that issue to the jury, that this evidence was allowed to go to the jury. This evidence included the various saloons at which the plaintiff and the driver of the car visited prior to the accident. There was also admitted in evidence, the fact that the defendant was illegally parked and also the fact that the driver of the car in which the plaintiff was riding was, likewise, guilty of a traffic violation (assured clear distance), and throughout the trial there was evidence offered as to the extent of the drinking of the driver of the plaintiff's car, which actually had nothing to do with the case.

The court has gone over his charge and finds that the only statement that he made in the charge in respect to the

conduct of the plaintiff or the driver of the plaintiff's car was that portion of the general charge listed above. After mature consideration of this, the court feels that he did not sufficiently advise the jury of their responsibility not to consider any of the evidence offered as to any misconduct or negligence on the part of the driver of the plaintiff's car, and therefore, feels that the case was not properly submitted to the jury as they could probably not be able to rid their minds of the evidence of this drinking without a further or stronger admonition on the part of the court. Whether or not these questions of the conduct of the driver of the plaintiff's car should have been given to the court in the absence of the jury to ascertain if there was sufficient evidence to bring in under the doctrine of the *Clos case* was a question in the court's mind at the time of the trial and possibly still is a question; that it might have been the ideal thing to do it was not too practical a way of proceeding with the trial.

The court feels that his rulings on all the special charges were correct, but for the reasons stated, that he did not sufficiently advise the jury to disregard the testimony in respect to the drinking in the plaintiff's car, it will be ordered that the verdict of the jury be set aside and a new trial granted in this case.