## WIZALIS, Admrx v KOCH

Ohio Appeals, 5th Dist, Stark Co

No 1310.   Decided Oct 13, 1932

Hart, Drunkenbrod & McHenry, Canton, for plaintiff in error.

Burt, Kinnison, Carson & Shadrach, Canton, for defendant in error.

LEMERT, J.

With reference to the first claimed ground of error, we have to say that we have carefully examined the whole of the record and the testimony in the trial in the court below and we are unable to say that the verdict of the jury is manifestly against the weight of the evidence.

On the second claimed ground of error, to-wit: that the court erred in its charge to the jury, we find on page 77 of the record that the court charged the jury as follows:

"Likewise, if you find that in the course of the plaintiff's case a presumption of contributory negligence has arisen, that will defeat a recovery on behalf of the plaintiff, even though he has proven the issues as defined to you by the degree of proof which the court has already outlined, unless you find, looking at all the evidence in the case, that sufficient evidence has been introduced to dispel that presumption."

This portion of the charge, we believe, is erroneous and further believe that it was misleading to the jury, for the reason that it placed upon the plaintiff an unwarranted burden in sustaining her proof.

In the case of **Tresise v Ashdown, 118 Oh St 307,** we find the court held as follows:

"An instruction in such case (death case) that if the proof adduced in behalf of the plaintiff is of such character as to raise a presumption of negligence upon his part the burden rests upon the plaintiff to remove such presumption by a preponderance of the evidence, places an unwarranted burden upon the plaintiff and constitutes prejudicial error. He is only required to produce evidence sufficient to counterbalance the evidence giving rise to the presumption. It need not over-balance or outweigh it."

To dispel, according to the best authorities, we believe, means to obliterate or to banish entirely. The law does not require that quantum of proof. It is to be noted in the instant case that the court instructed the jury that there would have to be produced sufficient evidence to dispel the presumption of contributory negligence upon the part of plaintiff's decedent. This left the matter very much in doubt as to how much evidence the plaintiff would be required to introduce to dispel said presumption and the jury had no definite guide to show them just how much evidence would have to be considered from the entire case. In order to have been clear, the court should have stated to the jury that only sufficient evidence need appear from the record to equal or balance the amount of evidence which raised the presumption against plaintiff's decedent. The form in which the court gave this portion of his charge to the jury in the case at bar we believe was confusing, erroneous, misleading and prejudicial.

For this reason we find that prejudicial error has entered this case and the finding and judgment of the court below will be and the same is hereby reversed and said cause remanded for further proceedings according to law. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.