**COTTRELL, Plaintiff-Appellant, v. GEHLE, Defendant-Appellee.**

Ohio Appeals, Second District, Darke County.

No. 694. Decided November 15, 1951.

Spidel, Staley & Hole, Greenville, for plaintiff-appellant.
Marchal & Marchal, Greenville, for defendant-appellee.

## OPINION

By WISEMAN, J:

This is an appeal on questions of law from the Common Pleas Court of Darke County. The action grew out of an automobile collision which occurred on the public highway in Mercer County, Ohio. The cause was tried to a jury which returned a verdict for the defendant on plaintiff's petition and for the plaintiff on defendant's cross-petition.

Plaintiff-Appellant assigns as error the admission of evidence offered by the defendant over the objection of the plaintiff. Both the plaintiff and defendant were arrested after the collision and taken before a Justice of the Peace where they both pleaded guilty. Defendant introduced into the evidence

over the objection of the plaintiff the record in the Justice's court in which plaintiff was charged with excessive speed. The plaintiff contends that the Justice had no jurisdiction and, therefore, the record should not have been admitted. The record shows that the collision occurred outside of the Township in which the Justice resided, but within the county of his residence. The provision conferring county wide jurisdiction in criminal matters is controlling. The point is made that the affidavit was made by a Deputy Sheriff and not by the "Sheriff," as provided in §13422-2 GC. We hold that an affidavit sworn to by a Deputy Sheriff is within the purview of that section. The sheriff· may detail deputies to enforce traffic laws. In **Vol. 36 O. Jur., Page 697, Sec. 86** it is stated:

"The general common-law principle that a deputy and his principal occupy a single office applies to sheriffs. Such deputy, when appointed, is vested with authority to perform every ministerial act that the principal can perform."

See also **Mitchell v. Industrial Commission, 57 Oh Ap 319, 322.** Furthermore, we fail to see how the introduction of the record was prejudicial to the plaintiff since both plaintiff and defendant were examined and cross-examined at length about the criminal charges and their pleas of guilty thereto.

Plaintiff claims that the court erred in giving Special Instruction No. 3, requested by defendant, which is as follows:

"I charge you that if plaintiff, Earl H. Cottrell, had the right-of-way as he approached the point of collision, provided he was proceeding in a lawful manner, and if you find that he was not proceeding in a lawful manner, he forfeited his right-of-way and was relegated to his common law rights."

The claim is made that the charge was erroneous in providing that "if plaintiff" had the right-of-way, and that to state the law correctly the jury should have been charged that plaintiff had the right-of-way and that he forfeited the right-of-way if the jury should find that he proceeded in an unlawful manner. We are of the opinion that the instruction was in all respects a correct statement of the law on this point, and further, the court was not required to elaborate or define "his common law rights."

The plaintiff claims the court erred in its general charge in instructing the jury relative to the charge of negligence against the plaintiff as alleged in defendant's cross-petition. The court in his general charge stated:

"Therefore, should you find that the **defendant** was not operating in a lawful manner, it would then become necessary for you to determine under these three (3) issues whether or not he acted in the control and operation of his automobile as

a reasonably prudent person would do under the same or similar circumstances." (Emphasis ours.)

In making specific application the court used the term "defendant" rather than the term "plaintiff." We do not believe this part of the charge was so prejudicial as to require reversal. We must look to the charge as a whole to determine the prejudicial character of one statement in the charge. **Kleinhans v. American Guage Co., 83 Oh Ap 453; Rhoades v. Cleveland, 60 Abs 159, 164.** Since the charge applied to a finding of negligence on the part of the plaintiff we do not deem it to be prejudicial to plaintiff-appellant.

It is contended the court committed prejudicial error in charging on the "last clear chance" doctrine. The plaintiff was driving in a southerly direction at about 1 P. M. on a clear day and on a dry pavement on a main highway; the defendant approached the highway from the west driving out of a lane. The defendant testified he stopped as he reached the highway right-of-way, but did not see plaintiff's automobile approaching. The defendant then drove slowly out on to the improved portion of the highway and was in the act of making a left turn preparatory to driving in a northerly direction when the impact occurred. The evidence shows that the defendant never stopped his automobile as he approached the improved portion of the highway and his automobile was still in motion at the time of the impact. The evidence further shows that the plaintiff upon seeing the defendant drive out on to the improved portion of the highway applied his brakes and immediately before the collision swerved his car to the left in order to avoid the impact. The evidence shows that the front of the defendant's car struck the right side of the plaintiff's car near the center. In our judgment the doctrine of last clear chance had no application though pleaded in the defendant's cross-petition. In **Vol. 29 O. Jur., Page 579, Sec. 113** it is stated:

"The 'last clear chance' rule presupposes antecedent fault or negligence on the part of the plaintiff. The doctrine does not apply where the plaintiff has been negligent, and his negligence continues, and, concurrently with the negligence of the defendant, directly contributes to produce the injury; it apples only where there is negligence of the defendant subsequent to, and not contemporaneous with, the negligence of the plaintiff, so that the negligence of the defendant is clearly the proximate cause of the injury, and that of the plaintiff the remote cause. In other words, the doctrine of 'last clear chance' is not available for the purpose of excusing contributory negligencce which continues up to, and at the time of

the accident. For a person to bring himself within the rule, the evidence must tend to show that while his negligence may have contributed toward getting him in the position of danger, all negligence on his part had ceased for a sufficient time prior to the accident to have enabled the defendant, after he knew of the plaintiff's situation of peril, in cases where actual knowledge is essential, to have avoided the accident."

In **Vol. 39 O. Jur., Page 955, Sec. 268,** the text is as follows:

"The scope of an instruction in a particular case is to be determined not alone by the pleadings therein, but also by the evidence in support of the issues between the parties; in fact, it is the proof adduced rather than the pleadings that determines the proper scope of instructions in the particular case, as is particularly evidenced by the propriety of instructions on issues raised by the evidence, but not pleaded; according to a prominent text authority, instructions have no connection with the pleadings except through the evidence; the charge should be directed to the facts in issue, which the evidence tends to establish or disprove."

See **Boviard Mfg. Co. v. Maitland, 92 Oh St 201, 206.**

It is reversible error to charge "last clear chance" where there is no evidence tending to prove a state of facts bringing the case within the rule. **Pennsylvania Company v. Hart, 101 Oh St 196.** See also **Fitzgerald v. Chemical Service Corp., 84 Oh Ap 423, 441.** In our opinion the charge complained of was misleading to the jury and clearly prejudicial. The additional charge given at the end of the general charge upon request of plaintiff to charge on sudden emergency is likewise prejudicial.

Plaintiff also contends that the court erred in giving the following charge:

"It is also a provision of law that if the testimony of plaintiff's own witnesses raises any presumption of contributory negligence on the part of the plaintiff, it then becomes the duty of the plaintiff **to dispel** that presumption." (Emphasis ours.)

Did the use of the words "to dispel" place too great a burden on the plaintiff? The plaintiff was not required to remove such presumption entirely; all plaintiff was required to do was to furnish such proof as would be sufficient merely to equal or counterbalance the evidence tending to show contributory negligence. The plaintiff was not required to present evidence to over-balance or outweigh it. **Tresise v. Ashdown, 118 Oh St 307, 316. Heidle v. Baldwin, 118 Oh St 377, 390; Vol. 29 O. Jur., page 662, Sec. 170. In C. C. C. & St. L. Railway Company v. Lee, 111 Oh St 391,** the court on page 396 used the

term "to dispel that presumption," and on page 398 used the term "to dispel that inference," but the court did not have in that case a charge before it involving these terms. The court did not state that the use of such terms in a charge was correct or incorrect. The question does not seem to be well settled in Ohio. In **Wizalis v. Koch, 13 Abs 389,** these words were held to impose an unwarranted burden on the plaintiff in that case. We approve the reasoning of the court in that case and adopt as our own statement of the court found on page 390, as follows:

"To dispel, according to the best authorities, we believe, means to obliterate or to banish entirely. The law does not require that quantum of proof. It is to be noted in the instant case that the court instructed the jury that there would have to be produced sufficient evidence to dispel the presumption of contributory negligence upon the part of plaintiff's decedent. This left the matter very much in doubt as to how much evidence the plaintiff would be required to introduce to dispel said presumption and the jury had no definite guide to show them just how much evidence would have to be considered from the entire case. In order to have been clear, the court should have stated to the jury that only sufficient evidence need appear from the record to equal or balance the amount of evidence which raised the presumption against plaintiff's decedent. The form in which the court gave this portion of his charge to the jury in the case at bar we believe was confusing, erroneous, misleading and prejudicial."

At the end of the general charge counsel for plaintiff requested the court to charge on "sudden emergency." The court then briefly re-iterated its charge on the "last clear chance" and concluded with this statement:

"The court will say to you further that should you find that situation existing, and that plaintiff was placed in a position of emergency, he would use only the reasonable care as a prudent person would do under the same or similar situation."

While the court should have elaborated on the care required to be exercised by the plaintiff if a sudden emergency existed, nevertheless, the statement as given is correct. See **Vol. 29 O. Jur. Page 568, Sec. 109.** Also, **Pennsylvania Railroad Company v. Lindahl, 111 Oh St 502, 511.** If counsel for the plaintiff was dissatisfied with this statement of the court he should have requested the court to give a more elaborate instruction on the issue of sudden emergency.

We do not find the verdict and judgment to be against the manifest weight of the evidence.

For errors herein found to be prejudicial to the rights of the plaintiff the court should have granted plaintiff's motion for new trial.

Judgment reversed and cause remanded for further proceedings according to law.

HORNBECK, PJ, MILLER, J, concur.