CLOS *v.* BAUER.

[Cite as Clos v. Bauer, 6 Ohio Misc. 71.]

(No. 32716—Decided November 30, 1965.)

Court of Common Pleas, Clermont County.

Mr. *Edgar I. Shott, Jr.*, and Mr. *John D. Erhardt*, for plaintiff.

Mr. *Robert P. Moore* and Mr. *Ray Bradford*, for defendant.

OSBORNE, J. This cause came on to be heard on the motion of the defendant for summary judgment in favor of the defendant against the plaintiff, as provided by Section 2311.041, Revised Code.

The court has read the pleadings, the depositions, the affidavits, and other papers in the case, including a memorandum of the defendant in support of his motion.

There are three questions to be answered in this matter.

(1) Is the defendant owner, Lewis T. Bauer, responsible for the actions of Collins, the driver of the automobile?

(2) Is the defendant protected by the so-called "guest statute", being Section 4515.02, Revised Code.

(3) Is the plaintiff guilty of contributory negligence or assumption of the risk, barring him from recovery for injuries received in the accident?

The plaintiff, in his petition, alleges on page 1 * * * "Plaintiff states that the said John W. Collins was intoxicated and not in control of his faculties." The defendant, in his answer, admits on page 1 * * * "That Collins was driving under the influence of intoxicating liquors and not in control of his mental and physical faculties."

The defendant, in his third defense says that Collins was not his agent and that he is not responsible for the actions of Collins while driving his car. The testimony produced by affidavit and deposition and the pleadings shows that Collins, the

driver, and Bauer, the defendant, had been drinking all night and on the morning of May 29, 1961, had been drinking whiskey and beer at Taylor's Tavern; that the defendant, Bauer, knew that Collins was intoxicated and not in full control of his mental and physical faculties. The defendant owner was a passenger in the front seat of the car being operated by Collins during the ride from Taylor's Tavern, on Route 52, to Maysville, Kentucky and returning, a distance of approximately one-hundred-twenty miles; that the defendant, Bauer, and Collins were drinking whiskey from a bottle and beer while the car was in operation and that the defendant, Bauer, was well aware of the amount of alcohol that Collins had consumed both before they left for Maysville in the car, on the road, at the tavern in Aberdeen and outside the tavern and he was well aware of the speed at which Collins was operating the car. Knowing all of these things to be true, the defendant, Bauer, permitted Collins, who was intoxicated to such an extent that he was not in control of his mental and physical faculties, to operate the automobile while he was a passenger therein. Therefore, Bauer would be responsible for the operation by the driver when he permitted an incompetent driver to operate his vehicle when he is a passenger therein.

Coming to consider the second question—there is some testimony that the mother of the plaintiff, Clos, who going to buy or did buy some gasoline to induce the defendant owner and Collins, the driver to take her to Maysville. There was no testimony whatever, that the plaintiff, Ronald Clos, was to pay anything; that he and his brother were along for the ride.

To avoid the protection of the guest statute there must be evidence of wanton and willful misconduct. The facts indicate that the driver, Collins, was drinking whiskey and beer while operating the automobile; that he was exceeding the speed limit by as much as thirty miles per hour at times, on a two lane highway, on a holiday week-end; that he was weaving in and out of traffic and failed to slow down when requested to by the mother of the plaintiff.

These facts would lead to but one conclusion; that the driver of the car was guilty of wanton and willful misconduct, therefore relieving the owner thereof, from the protection of the guest statute, which brings us to the third question to be decided.

The plaintiff, Clos, knew about the drinking of Collins and Bauer before they left Taylor's Tavern, at approximately 1:00 p. m. The plaintiff saw the driver, Collins, drinking from a bottle of whiskey on several occasions and drinking beer while operating the motor vehicle at a high rate of speed; was present in the tavern in Maysville when the driver Collins was drinking beer and was present at an Aberdeen tavern when the driver was drinking whiskey and beer. The plaintiff, by his own testimony stated that the driver was operating in excess of the speed limit—seventy miles per hour or better and that the plaintiff was familiar with the operation of automobiles and had been driving for over three years; that the plaintiff heard his mother request Collins to slow down without results. In spite of all this the plaintiff, as a passenger, voluntarily entered and re-entered the automobile on five occasions, when he knew or should have known that Collins was driving under the influence of intoxicating liquor and was not in control of his mental and physical faculties. The plaintiff had personal and direct knowledge of the drinking of the driver, Collins, by observation and his own testimony. He had knowledge of the excessive rate of speed by observation, as brought out by his own testimony. He had knowledge of the weaving in and out of traffic, as he testified to, and he had direct knowledge of his mother's request for the driver to slow down, which he did not do.

A guest passenger in an automobile assumes the risk of his host's conduct and is guilty of contributory negligence where there is knowledge of danger to himself by reason of the intoxication of the driver and a willingness to continue to ride with a driver who is intoxicated and not in control of his mental and physical faculties.

Therefore, it is the opinion of this court that the plaintiff, Ronald Clos, assumed the risk and was guilty of contributory negligence when he entered and re-entered the automobile on five different occasions, knowing the condition of the driver; knowing the manner in which he was speeding the car, when he could have on any one of the occasions refused to re-enter.

Therefore the motion for summary judgment in favor of the defendant and against the plaintiff should be granted.

*Motion granted.*