LOUDY, APPELLANT, *v.* FARIES, APPELLEE.

18

(No. 11870—Decided March 27, 1985.)

*A. Russell Smith,* for appellant.
*Paul G. Perantinides,* for appellee.

GEORGE, J. Plaintiff-appellant, Joyce Loudy, appeals the judgment of the trial court awarding her $5,400 in damages in a personal injury case. This court affirms that judgment.

On the evening of October 7, 1981, Loudy went for a motorcycle ride with the defendant-appellee, Donald J. Faries. Faries lost control of the motorcycle and crashed. Loudy was injured as a result of this accident.

Loudy filed a complaint against Faries alleging negligence. Faries raised the defense of contributory negligence. A jury returned a verdict in favor of Loudy for $9,000, but found that Loudy was forty percent negligent. The trial court entered judgment for Loudy for $5,400. Loudy appeals from this judgment.

Assignments of Error
"1. The trial court erred by giving a charge to the jury and permitting the jury to decide whether plaintiff-appellant was contributorily negligent.
"2. The trial court erred in not granting plaintiff-appellant's motion for a judgment notwithstanding the verdict regarding appellant's contributory negligence."

Loudy testified concerning the events that occurred on the evening of October 7, 1981. She stated that after work she went for a ride on Faries' motorcycle. They stopped at a bar and consumed four or five beers each. They left the bar at approximately 10:30 p.m. and headed for home. This is when the accident occurred.

Loudy testified that blood tests were taken at Akron City Hospital. The laboratory reports revealed that the blood alcohol content in Faries' blood was .08 percent, and the blood alcohol content in Loudy's blood was .19 percent.

It is for the jury to decide whether Loudy used ordinary care for her own safety. A passenger who willingly rides with an individual, knowing that the driver has a diminished ability to control a vehicle due to the consumption of alcohol, can be considered negligent. *Simensky* v. *Zwyer* (1931), 40 Ohio App. 275, paragraph nine of the syllabus; and *Gill* v. *Arthur* (1941), 69 Ohio App. 386 [24 O.O. 138], paragraph four of the syllabus. In *Klever* v. *Stow* (Feb. 24, 1982), Summit App. No. 10223, unreported, this court noted:

"* * * [I]t bears on the conduct of the plaintiff herself (assuming the jury found she was a passenger) with respect to her care or lack of it in agreeing to ride with a person using * * * [alcohol or drugs] and also her assumption of risk in consenting to undertake to become and thereafter to remain such a passenger. * * * See 7A Am. Jur. 2d, Automobiles and Highway Traffic, Sec. 606, 'Riding with intoxicated driver,' pp. 838-839. * * *"

Further, the vehicle involved in this case was a motorcycle. A passenger's conduct while riding, as it relates to balance, can become a factor in controlling the motorcycle.

Here, both the driver, Faries, and the passenger, Loudy, had consumed some alcohol. Thus, a jury question was presented as to whether Loudy was negligent by riding on a motorcycle driven by Faries. The jury could have found that Loudy knew Faries had a diminished capacity to control the vehicle because he had consumed some alcohol. Secondly, that Loudy herself had consumed some alcohol and had a diminished capacity to maintain that balance necessary for a motorcycle

passenger. Therefore, the trial court properly instructed the jury on the issue of Loudy's negligence. *Tyrrell* v. *Investments Assoc., Inc.* (1984), 16 Ohio App. 3d 47, paragraph three of the syllabus; and Annotation (1981), 5 A.L.R. 4th 1194. Accordingly, these assignments of error are overruled.

### Assignment of Error

"3. The trial court erred in admitting defendant-appellee's blood alcohol test index of .08 into evidence."

The record revealed that Loudy mistakenly testified that Faries' blood alcohol content was .8 percent. There was no objection to this testimony. The hospital records were admitted into evidence at the end of the case to establish the true result of the blood alcohol tests. This information was necessary to correct the erroneous testimony. Further, both parties stipulated that the hospital records were authentic. Accordingly, the trial court properly admitted this evidence. This assignment of error is overruled.

### Assignments of Error

"4. The jury's verdict finding plaintiff-appellant's damage to be in the amount of nine thousand no/100 dollars ($9,000.00) was manifestly against the weight of the evidence.

"5. The jury's verdict finding plaintiff-appellant's damage to be in the amount of nine thousand no/100 dollars ($9,000.00) was the result of passion and prejudice.

"6. The trial court erred in not granting plaintiff-appellant's motion for an additur or a new trial on the issue of damages."

In *Hughes* v. *Lawrence* (Nov. 12, 1981), Summit App. No. 10211, unreported, at 3-4, this court held:

"In determining whether a verdict was influenced by passion or prejudice, the court in *Fromson & Davis Co.* v. *Reider* (1934), 127 Ohio St. 564, 569, held that a reviewing court must consider not only the amount of damages returned, but must also:

" '* * * ascertain whether the record discloses that the * * * damages returned were induced by (a) admission of incompetent evidence, or (b) by misconduct on the part of the court or counsel, or (c) whether the record discloses any other action occurring during the course of the trial which can reasonably be said to have swayed the jury in their determination of the amount of damages that should be awarded.' "

The record here includes conflicting testimony concerning the seriousness of Loudy's injuries. Based on the testimony, the jury could conclude that the injuries were not as serious as Loudy contended.

No incompetent evidence was admitted and there is an absence of any indication of misconduct or other action to sway the jury. Therefore, this court finds that the jury's verdict was not the result of passion or prejudice.

Accordingly, these assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, J., concurs.

MAHONEY, P.J., dissents.

MAHONEY, P.J., dissenting. The record does not support submission of the issue of contributory negligence to the jury. The jury was allowed to speculate.