*Feldman v. Loeb* (1987), 37 Ohio App.3d 188, 525 N.E.2d 496. The assigned errors are overruled.

The judgment is affirmed.

*Judgment affirmed.*

PATTON, P.J., MATIA and NAHRA, JJ., concur.

DUBECKY, Admx., Appellant,

v.

HORVITZ COMPANY et al., Appellees.

[Cite as *Dubecky v. Horvitz Co.* (1990), 64 Ohio App.3d 726.]

Court of Appeals of Ohio,
Lake County.

No. 13–103.

Decided Jan. 22, 1990.

728

*McNamara & Lucci* and *Eugene A. Lucci,* for appellant.

*John A. Rasmussen,* for appellees.

---

CHRISTLEY, Presiding Judge.

On August 14, 1985, around 4:00 p.m. or 5:00 p.m., Scott Schiavoni and his wife went to visit Michael A. Dubecky at Dubecky's apartment in Mentor, Ohio, where they had dinner and three or four beers each. At approximately 8:00 p.m., Patty Lee joined them and had between one and three beers. Around 11:00 p.m., Patty Lee drove the group to the Bridge Tavern in nearby Willoughby, Ohio. When they left the apartment, Dubecky wanted to drive Patty Lee's car, but she refused. The group stayed at the Bridge Tavern approximately one hour and ten minutes. Patty Lee had two shots of liquor and one beer and took one beer with her to go. Dubecky and Schiavoni had two beers and two shots each. When the group left the bar, Patty Lee did not appear drunk or intoxicated to Schiavoni; she was not swaying, staggering or slurring her words. However, once again, Dubecky asked to drive, but Patty Lee refused. During a five-minute ride from the tavern to Schiavoni's wife's parent's home, Patty Lee let go of the wheel to turn around to talk to the Schiavonis and Dubecky took the wheel. After leaving Schiavoni's wife at her parents' home, Dubecky, Patty Lee and Schiavoni went to a gas station. The group then proceeded on to Route 2 to drive towards Painesville to another

bar. On Route 2, Lee accelerated to seventy or eighty miles per hour, changed lanes a few times, drove close to the center line and swerved all over the roadway. She came close to a truck once or twice. Dubecky and Schiavoni told Lee to slow down, but she just giggled in reply.

As the group approached Painesville, Lee exited Route 2 and drove out Route 44 South. At the end of the ramp, there was a construction area set up by appellee, the Horvitz Company. Lee's car was diverted by negligently positioned traffic barrels. Lee lost control of her car and hit a guardrail which went through the windshield and partially decapitated Dubecky. At trial, two police officers who were at the scene testified that they observed Patty Lee and concluded that she was intoxicated.

Appellee was the general contractor on the resurfacing project that was underway at the scene of the accident. Appellant, Denise M. Dubecky, is the administratrix of Michael Dubecky's estate. Appellant settled out of court with Patty Lee's insurance company and sued appellee for negligence. Appellant also sued the Ohio Department of Transportation in the Ohio Court of Claims.

In January 1988, the case went to a jury which found that Michael Dubecky had suffered $910,000 in damages and that appellee was twenty percent negligent. However, the jury also found that Michael Dubecky was eighty percent comparatively negligent.

On February 18, 1988, the court entered judgment in favor of appellee. On February 23, 1988, appellant moved for judgment notwithstanding the verdict or for a new trial. On March 25, 1988, the court denied this motion. On April 22, 1988, appellant timely filed a notice of appeal and assigned the following as error:

"1. The verdict and judgment on the issue of comparative negligence was contrary to law and against the manifest weight of the evidence because: (A) there was no evidence of duty, breach of duty, proximate causation, damages, and reasonable foreseeability of cause and result and (B) plaintiff's decedent was a step removed from causation by his driver (Patricia Lee).

"2. The verdict and judgment on the issue of comparative negligence was contrary to law and against the manifest weight of the evidence because: (A) defendant failed to prove, as a matter of law, that plaintiff's decedent, as an ordinary person, should have left the automobile at the only two opportunities available prior to the crash and (B) even if decedent should have left the automobile at either of these two opportunities, no proximate causation of his death resulted.

"3. The verdict and judgment on the issue of comparative negligence was contrary to law and against the manifest weight of the evidence because there was no evidence that decedent's driver (Patricia Lee) was intoxicated and impaired and that such was known or should have been known, in the exercise of reasonable care, to decedent.

"4. The verdict and judgment on the issue of comparative negligence was contrary to law and against the manifest weight of the evidence because the jury failed to obey the court's instruction on intervening and superseding negligence and causation and, had the jury followed and applied this instruction, it would, as a matter of law, have found plaintiff's decedent not at all negligent or at fault.

"5. The court erred to the prejudice of plaintiff in giving the instruction on Patricia Lee's driving status because: there was no evidence that Lee was not licensed as an operator by the registrar of motor vehicles, there was no evidence that Lee's license to drive was suspended, the instruction, a criminal traffic statute, applies only to the owner of a motor vehicle, and not to a mere passenger, and the instruction charges negligence per se without there being any nexus between a violation of the traffic statute by a passenger and negligent operation of an automobile by a driver.

"6. The court erred to the prejudice of plaintiff in giving the instruction of per se negligence by plaintiff's decedent for riding with one under the influence of alcohol because such an instruction, especially in conjunction with the instruction on Lee's driving status, imputes Lee's negligence to plaintiff's decedent, disallows evidence of protestation to cut off comparative fault, and defendant admitted that Dubecky was not 'voluntarily' in Lee's automobile.

"7. The verdict and judgment on the issue of comparative negligence was contrary to law and against the manifest weight of the evidence because there was no evidence that plaintiff's decedent voluntarily rode with Lee, and defendant admitted and elicited uncontroverted testimony that plaintiff's decedent plead [sic] with Lee to slow down or stop and let him out of the automobile.

"8. The court erred to the prejudice of plaintiff in failing to grant plaintiff's motions for directed verdict made at the close of defendant's case and at the close of all the evidence on the issue of comparative fault.

"9. The court erred to the prejudice of plaintiff in failing to grant plaintiff's motion for judgment notwithstanding the verdict on the issue of comparative fault.

"10. The court erred to the prejudice of plaintiff in failing to grant a new trial on the issue of comparative negligence.

"11. The court plainly and fundamentally erred to the prejudice of plaintiff in giving its instruction on comparative negligence.

"12. The court plainly and fundamentally erred to the prejudice of plaintiff in giving verdict and interrogatory forms which were misleading, confusing, and prejudicial to plaintiff.

"13. The court plainly and fundamentally erred to the prejudice of plaintiff in failing to give plaintiff's requested jury instructions charging (A) that Lee's negligence, if any, may not be attributed to Dubecky, and (B) that plaintiff's decedent was not negligent.

"14. The trial court erred to the prejudice of plaintiff when it denied her in limine motion to suppress evidence of Lee's and Dubecky's blood alcohol content, and when it admitted, over objection, such evidence, where the evidence was irrelevant, confusing and prejudicial.

"15. All of the foregoing assigned errors combined to deprive plaintiff of a fair trial on the issue of comparative fault, and justify reversal on this issue or remand to the trial court for a new trial on this issue alone.

"16. The court plainly and fundamentally erred to the prejudice of plaintiff in overruling and failing to give plaintiff's written instruction and interrogatory on comparative negligence where there are multiple tortfeasors and one tortfeasor settles with the plaintiff by means of a covenant not to sue, and where the court gave an instruction which does not allow the jury to apportion negligence to the settling, absent tortfeasor."

In her first assignment of error, appellant argues that the jury's verdict was against the manifest weight of the evidence because appellee failed to prove that Michael Dubecky was comparatively negligent. The jury found that appellant was eighty percent negligent and that appellee was twenty percent negligent. Appellee admits that it had negligently positioned the traffic barrels. It does not dispute the jury's finding that it was negligent.

R.C. 2315.19, as it was in effect at the time the cause of action arose, provided in pertinent part, as follows:

"(A)(1) In negligence actions, the contributory negligence of a person does not bar the person or his legal representative from recovering damages that have directly and proximately resulted from the negligence of one or more other persons, *if the contributory negligence of the person bringing the action was no greater than the combined negligence of all other persons from whom recovery is sought.* However, any damages recoverable by the person bringing the action shall be diminished by an amount that is proportionately equal to his percentage of negligence, which percentage is deter-

mined pursuant to division (B) of this section. This section does not apply to actions described in section 4113.03 of the Revised Code." (Emphasis added.)

In *Loudy v. Faries* (1985), 22 Ohio App.3d 17, 22 OBR 52, 488 N.E.2d 235, paragraph one of the syllabus, the court held:

"Where the plaintiff is a passenger who willingly rode on a motorcycle with defendant, knowing that the defendant-driver had a diminished ability to control the vehicle due to the consumption of alcohol, it is proper for the trial court to give a charge to the jury permitting the jury to decide whether plaintiff was contributorily negligent."

In *Clos v. Bauer* (C.P.1965), 6 Ohio Misc. 71, 34 O.O.2d 213, 214 N.E.2d 269, paragraph three of the syllabus, the court held:

"A guest passenger in an automobile assumes the risk of his host's conduct and is guilty of contributory negligence where there is knowledge of danger to himself by reason of the intoxication of the driver and a willingness to continue to ride with a driver who is intoxicated and not in control of his mental and physical faculties."

In *Clos,* the court took into consideration the fact that the plaintiff had entered and re-entered the automobile on five different occasions, knowing the condition of the driver and knowing that the driver was speeding. The court noted that the plaintiff could have refused to re-enter the automobile on any one of the occasions.

Also, see, *Bell v. Sammons* (Mar. 16, 1988), Summit App. No. 13236, unreported, 1988 WL 34570, wherein the court held that it was for the jury to decide if the plaintiff used ordinary care for his own safety where the evidence showed that the plaintiff had agreed to ride with a driver who had consumed alcohol.

In this case, the evidence showed that Dubecky, who had been drinking, had voluntarily entered the car with Lee, knowing that Lee had recently consumed a substantial amount of alcoholic beverages. Thereafter, Dubecky had at least two opportunities to leave the vehicle and thus protect himself from harm. Dubecky had one opportunity when the group dropped off Schiavoni's wife, and another when they stopped at the gas station.

Furthermore, Dubecky had been alerted to the fact that Lee was not fully in control of her mental and physical faculties when Lee let go of the wheel to turn around to talk to the Schiavonis on the way to Schiavoni's wife's parent's home.

The weight to be given the evidence and the credibility of the witnesses are for the trier of fact. See *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212. Here, the jury was presented with sufficient evidence to

enable it to decide that Dubecky voluntarily exposed himself to danger by willingly getting into a car with a drunken driver, or that Dubecky was so drunk himself that he waived any choice in the matter.

Furthermore, Dubecky's act of negligently riding with a drinking driver was a proximate cause of his death and was foreseeable as such. In order to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the alleged negligence. See *Oswald v. Connor* (1985), 16 Ohio St.3d 38, 16 OBR 520, 476 N.E.2d 658. An injury that could not have been foreseen or reasonably anticipated as the probable result of an act of negligence is not actionable. *Foss–Schneider Brewing Co. v. Ulland* (1918), 97 Ohio St. 210, 119 N.E. 454.

If Dubecky had not gotten into the car with Patty Lee, or if he had gotten out of the car when he had the chance, the accident may still have happened, but Dubecky would not have been there. It would be comparable to two drunks playing with a gun with a defective safety catch. The accidental shooting of one by the other would be proximately caused by their initial choice to play with a deadly weapon while intoxicated, more so than by the defective safety catch. In this sense, Dubecky's actions were a proximate cause of his death.

Furthermore, it is in the realm of common experience that there are many hazardous conditions on the road which are normally encountered in day-to-day driving and which are avoidable if the driver is in full possession of his or her faculties. Since these hazards are so prevalent, the likelihood of their existence is foreseeable. There was no testimony to show that the negligent placement of the barrels was an unavoidable hazard to a sober driver.

In *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, at the syllabus, the court held:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

In this case, appellee has provided some competent, credible evidence on all of the essential elements of its case and appellant's first assignment is therefore not well taken.

In her second assignment of error, appellant argues that the verdict was against the manifest weight of the evidence because appellee failed to prove that Dubecky should have left the automobile at one of the two opportunities available to him. However, this issue, as discussed in the first assignment, is not well taken.

■ In her third assignment, appellant argues that the verdict was against the manifest weight of the evidence because there was no evidence that Dubecky should have known that Lee was intoxicated. This assignment is not well taken. There was sufficient evidence for the jury to conclude that Dubecky should have known that the driver, Patty Lee, was intoxicated. As stated, the weight of the evidence and credibility of the witnesses is for the trier of fact. *DeHass, supra.* The jury was presented with evidence that Lee had consumed between one and three beers at Dubecky's apartment and two shots of liquor and one beer and took one beer to go at the Bridge Tavern. At trial, two officers testified that they had observed Lee at the scene of the accident and had concluded that she was intoxicated. The argument of manifest weight on this issue is not well taken.

In her fourth assignment, appellant argues that the verdict was against the manifest weight of the evidence because the jury failed to obey the court's instruction on intervening and superseding negligence and causation. This assignment is not well taken.

The instructions outlined the law on intervening and superseding causes and were as follows:

"Where two or more independent, negligent acts combine to produce a single harmful result, and where each of these is a substantial factor in producing that result, the actors are jointly responsible unless the negligence of one or more breaks the causal connection of the other actor and thus relieves him of legal responsibility for the harmful result.

"Causal connection is broken when a subsequent act, or failure to act intervenes and completely removes the effect of the first act of negligence and is itself the proximate cause of the injury. The causal connection of the first act of negligence is broken and superseded by the second, only if the intervening negligent act is both new and independent. The term 'independent' means the absence of any connection or relationship of cause and effect between the original and the subsequent act of negligence. The term 'new' means that the second act of negligence could not reasonably have been foreseen. The Court has previously defined foreseeability.

"If the party who committed the first act of negligence foresaw, or by the use of ordinary care should have foreseen, the probability of the negligent conduct of another and the probability that such conduct and the conduct of the other would likely result in injury to a third person, then the conduct of both parties combined and the negligence of both is a proximate cause of the death and damages. However, if the conduct of the second party was not foreseeable, and if the immediate cause of the death was the conduct of the second party, then the conduct of the first was not a proximate cause.

"If an independent and responsible party was aware of the existing hazard, and could, or should, have eliminated it, there is a break in the chain of causation and the party who created the original hazard is relieved of liability because of such intervention by the other party."

█ As previously discussed, Dubecky was contributorily negligent for getting into the car with Patty Lee and appellee admitted that it was negligent in the placement of the barrels. However, it cannot be said that appellee's negligent placement of the barrels was an intervening cause sufficient to relieve Dubecky of the legal responsibility for the harmful result of his negligence. As stated, if Dubecky had not gotten into the car, the accident may still have happened, but without the fatal consequences to Dubecky. Furthermore, as previously discussed, appellee's negligence was a road hazard that could have been reasonably foreseen.

█ The jury found that Dubecky was eighty percent negligent and appellee was twenty percent negligent. Since there was some competent, credible evidence to support this finding, this court will not reverse. *C.E. Morris, supra.*

In her fifth assignment of error, appellant argues that the court erred by giving the following instruction:

" * * * In Ohio, no person shall operate any motor vehicle upon a public roadway for purposes of vehicular travel unless such person has been licensed as an operator by the registrar of motor vehicles. Furthermore, no person shall permit the operation of a motor vehicle upon a public roadway for purposes of vehicular travel knowing such operator does not have a valid operator's license issued to him by the registrar."

Appellant's counsel objected to this instruction.

█ This instruction was based on R.C. 4507.02, which in 1985 read in pertinent part:

"No person, except those expressly exempted under sections 4507.03, 4507.-04, and 4507.05 of the Revised Code, shall operate any motor vehicle upon a highway or any public or private property used by the public for purposes of vehicular travel or parking in this state unless such person, upon application, has been licensed as an operator or chauffeur by the registrar of motor vehicles under sections 4507.01 to 4507.39, inclusive, of the Revised Code.

"No person shall permit the operation of a motor vehicle upon any public or private property used by the public for purposes of vehicular travel or parking knowing such operator does not have a valid license, as an operator or chauffeur, issued to such operator by the registrar of motor vehicles under sections 4507.01 and 4507.39, inclusive, of the Revised Code."

It does not appear that R.C. 4507.02 applied to this case. Assuming *arguendo* that Lee was unlicensed at the time of the accident, this evidence would only go to the question of Dubecky's negligence if he knew he was getting into a car with an unlicensed driver. The instruction, however, does not mandate or suggest a finding of negligence *per se.*

Therefore, although this instruction was superfluous and inapplicable to this case, it is harmless error.

■ In her sixth assignment of error, appellant argues that the court erred in giving the following jury instruction:

"If you find that Michael Dubecky voluntarily rode in a car driven by one under the influence of alcohol after he knew, or in the exercise of reasonable care should have known, of the driver's condition, and if you further find that a person exercising reasonable care would not have done so, then such person was negligent."

However, an inspection of the transcript shows that there was no objection to this instruction. In *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 24 O.O.3d 316, 436 N.E.2d 1001, paragraph one of the syllabus, the court held:

"When a party fails to object to the giving of or failure to give a jury instruction before the jury retires to consider a verdict, the party may not assign as error the giving of or failure to give such instruction."

See Civ.R. 51(A). Also see our earlier discussion of *Loudy, supra,* in the first assignment. This assignment is without error.

■ In her seventh assignment of error, appellant argues that the verdict was against the manifest weight of the evidence because there was no evidence that Dubecky voluntarily rode with Lee and there was evidence that he asked her to slow down or let him out of the vehicle. This argument was discussed, in part, in the first assignment and is without merit. Contrary to appellant's assertions, there was evidence that Dubecky voluntarily got into the car with Lee and willingly reentered the car on two occasions. Furthermore, even though there was some testimony that Dubecky had asked Lee to slow down or let him out of the vehicle, the jury could have chosen under the suspect circumstances to disbelieve this testimony or to give it little weight. *DeHass, supra.* The jury also had evidence before it of Dubecky's own intoxication and could consider the effect it likely had on his judgment.

■ In her eighth and ninth assignments, appellant argues that the court erred in failing to grant her motion for a directed verdict and for judgment notwithstanding the verdict. When ruling on a motion for judgment notwithstanding the verdict, the trial judge applies the same test he uses when deciding a motion for directed verdict. *Posin v. A.B.C. Motor Court Hotel*

(1976), 45 Ohio St.2d 271, 74 O.O.2d 427, 344 N.E.2d 334. The standard of review to be applied is whether, after construing the evidence most strongly in favor of the party against whom the motion is made, reasonable minds could come to but one conclusion upon the evidence submitted, and that conclusion is adverse to the nonmoving party. Civ.R. 50(A)(4) and *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467. Even in construing the evidence most strongly in favor of appellee, there existed questions of material facts which required a jury's determination. Thus, these assignments are not well taken.

In her tenth assignment of error, appellant argues that the court erred in failing to grant a new trial. In *Verbon v. Pennese* (1982), 7 Ohio App.3d 182, 7 OBR 229, 454 N.E.2d 976, paragraph three of the syllabus, the court held:

"Granting a motion for a new trial rests in the sound discretion of the trial court; that court's ruling will not be disturbed on appellate review unless there is an abuse of discretion; a trial court abuses its discretion when it grants a motion for new trial after a jury verdict where there is substantial evidence to support said verdict."

In this case, it appears that the court did not abuse its discretion since there was sufficient evidence to find Dubecky eighty percent contributorily negligent.

In *Shinaver v. Szymanski* (1984), 14 Ohio St.3d 51, 14 OBR 446, 471 N.E.2d 477, paragraph two of the syllabus, the court held:

"The contributory negligence of a driver of a vehicle which results in the death of his passenger is not imputed to his passenger and therefore does not affect the passenger's right of action for injuries and medical expenses proximately caused by the negligence of another driver. This right of action is maintainable under the general survival statute, R.C. 2305.21, and is independent of the wrongful death action pursuant to R.C. 2125.01."

However, *Shinaver* is not applicable here because it did not deal with the issue of a passenger negligently riding with an impaired or unfit driver. See *Loudy, supra,* and *Clos, supra.* This assignment is without merit.

In her eleventh assignment of error, appellant argues that the court erred in giving its instruction on comparative negligence. The instruction was as follows:

"However, if you find that Plaintiff proved by a greater weight of the evidence that *Plaintiff's decedent's* negligence proximately caused his death and Plaintiff's damages; or if you find Horvitz Company failed to prove Plaintiff's decedent's negligence, if any, was greater than 50 percent, then you will enter a general verdict for Plaintiff on her claims and proceed with

the interrogatories and determine the total amount of damages and percentages of negligence attributable to Plaintiff's decedent and Horvitz Company." (Emphasis added.)

Appellant argues that this instruction should have read: "If you find that Plaintiff proved by a greater weight of the evidence that *Defendant's* negligence proximately caused Dubecky's death and Plaintiff's damages * * *."

Appellant did not object to this mistake but argues that it was "plain error."

In a civil case, the "plain error" doctrine is utilized only under exceptional circumstances in order to prevent a manifest miscarriage of justice. See *Cleveland Elec. Illum. Co. v. Astorhurst* (1985), 18 Ohio St.3d 268, 18 OBR 322, 480 N.E.2d 794, and *Reichert v. Ingersoll* (1985), 18 Ohio St.3d 220, 18 OBR 281, 480 N.E.2d 802.

In this case, it appears that the disputed instruction does not rise to the level of "plain error." It appears that the error was merely technical in nature and did not mislead the jury. The general rule applies that an error in an instruction is not grounds for reversal, unless it is calculated to mislead the jury to the prejudice of the party seeking the reversal. See *Davis v. Guarnieri* (1887), 45 Ohio St. 470, 15 N.E. 350. Appellant argues that this instruction placed the burden on Dubecky to prove his own comparative fault. However, the court specifically instructed the jury that appellee had the burden of proof on the issue of Dubecky's negligence.

It is the tendency of reviewing courts to disregard technical errors when it is obvious that persons of ordinary intelligence would not be mislead in their duties as jurors. See 70 Ohio Jurisprudence 3d (1986) 483, Negligence, Section 255. In *Cottrell v. Gehle* (App.1951), 65 Ohio Law Abs. 301, 114 N.E.2d 482, the court mistakenly used the term "defendant" rather than "plaintiff" in its charge to the jury. The reviewing court held that looking at the charge as a whole, the mistake was not so prejudicial as to require reversal. In this case, as in *Cottrell,* the mistake does not warrant reversal. Therefore, this assignment is not well taken.

In her twelfth assignment of error, appellant argues that the verdict form was misleading because in effect it stated that it was to be completed *prior* to the interrogatories. Appellant argues that in a comparative negligence case, a general verdict form cannot be completed prior to answering all of the interrogatories since the jury must first apportion comparative negligence in order to determine whose name to put on the general verdict form. The verdict form stated:

"If your verdict is for defendant, you shall stop here and not proceed to answer the interrogatories submitted.

"If your verdict is for plaintiff, you shall proceed and determine the following[.]"

Appellant asserts that the court refused to submit the verdict and interrogatory forms to counsel prior to their submission to the jury. Appellant also asserts that the jury submitted a written question to the court which in substance asked, "if we find joint liability, which name do we insert on the general verdict form?" However, there is no record support for these two assertions.

Appellant argues that since the interrogatories were completed, the jury's verdict should have been in her favor.

However, it appears that there was no error here, because as appellee points out, the general verdict and interrogatories are consistent. The jury returned a general verdict in favor of appellee *and* found that Dubecky was eighty percent negligent. Therefore, this assignment is not well taken.

In her thirteenth assignment of error, appellant argues that the court erred when it failed to give the following requested instructions:

*"NO PLAINTIFF NEGLIGENCE.* If you find that the defendant was negligent and that defendant's negligence proximately caused injury or damage to the plaintiff, then your verdict must be for the plaintiff.

"However, if you find that plaintiff failed to prove that the defendant was negligent, or if you find that plaintiff failed to prove that defendant's negligence proximately caused injury or damage to the plaintiff, then your verdict must be for the defendant.

*"INTRODUCTION TO COMPARATIVE NEGLIGENCE.* Defendant claims that the plaintiff committed an act or acts of negligence which directly and proximately caused plaintiff's death. I have instructed you on the subject of negligence. Every person in all situations has a duty to exercise ordinary care for his own safety. This does not mean that he is required at all hazards to avoid injury; he must, however, exercise ordinary care to take precautions to avoid injury to himself to recognize and appreciate all dangers that are open and obvious to him, or which should have been recognized and appreciated by a reasonably prudent person under the same or similar circumstances. if you find by the greater weight of the evidence that plaintiff was negligent and that the plaintiff's negligence contributed to his own death as a direct and proximate cause of his death, you will then be required to determine to what extent plaintiff's death resulted from his own negligence compared with the negligence, if any, of the defendant and other persons responsible, if any.

"I instruct you that Michael Dubecky is presumed to have exercised ordinary care for his own safety, and that such presumption remains unless

and until it is overcome and proved to the contrary by a preponderance of the evidence.

*"I instruct you that the negligence of Patricia Lee, if any, may not be charged or attributed to Michael Dubecky, her automobile passenger."* (Emphasis added.)

Ordinarily, requested instructions should be given if they are correct statements of law which are applicable to the facts in the case. However, the court has no obligation to use the identical language of the written request.

As discussed in the sixth and eleventh assignments, appellant did not object to the instructions on contributory negligence. Since the instruction entitled "No plaintiff negligence" would conflict with the instructions on contributory negligence, it was not error for the court to refuse this instruction. Furthermore, the applicable law at the time provided for contributory negligence. See R.C. 2315.19.

As to the instruction entitled "Introduction to Comparative Negligence," the court, in fact, gave an instruction on comparative negligence. Appellant complained because the court did not include the instruction that Lee's negligence could not be charged to Dubecky. However, see *Loudy, supra* and *Clos, supra.* Thus, this assignment is not well taken.

In her fourteenth assignment of error, appellant argues that the court erred when it denied her motion *in limine* to suppress evidence of Lee's and Dubecky's blood-alcohol content. Evidence was introduced that Lee and Dubecky had blood-alcohol contents of .129 and .223 respectively. The granting of a request for a motion *in limine* lies in the power and discretion of the trial court. *Riverside Methodist Hospital Assn. v. Guthrie* (1982), 3 Ohio App.3d 308, 3 OBR 355, 444 N.E.2d 1358. This court will not disturb the trial court's ruling unless there had been an abuse of discretion.

However, it appears that appellant has waived any claim of error by her counsel's failure to object when the disputed evidence was introduced. See *Schill v. General Motors Corp.* (1988), 42 Ohio App.3d 192, 194, 537 N.E.2d 713, 715, wherein this court followed *State v. Wilson* (1982), 8 Ohio App.3d 216, 8 OBR 288, 456 N.E.2d 1287, paragraph one of the syllabus, wherein the court held:

"Failure to object to evidence at trial constitutes a waiver of any challenge, regardless of the disposition made for a preliminary motion *in limine*."

An appellate court need not consider an error which had not been called to the trial court's attention. See *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus,

vacated in part on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156.

Therefore, this assignment is not well taken.

In her fifteenth assignment of error, appellant argues that all of the foregoing assigned errors combined to deprive her of a fair trial. However, these issues have been discussed in their individual assignments herein and are without merit.

The sixteenth assignment of error was withdrawn by motion of appellant's counsel.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. MAHONEY and FORD, JJ., concur.