OPINION
Defendant-appellant, John Matusic, appeals his convictions in the Madison County Court of Common Pleas for the illegal conveyance of drugs. We affirm the convictions.
In December 1997, appellant was convicted of three counts of assault on a peace officer and sentenced to serve an eighteen-month prison term. While serving his sentence at the Madison Correctional Institution ("MCI"), he met and befriended fellow inmate, David Horsley. Appellant's convictions were later reversed on appeal. See State v. Matusic (Aug. 23, 1999), Belmont App. No. 96-BA-48, unreported.
On December 4, 1998, Joshua Minton, an inmate at MCI, received a package. A drug-sniffing dog alerted on the package and it was opened by prison authorities. The dog alerted on a pair of shoes contained in the package. Upon inspection, marijuana was discovered concealed in the plastic soles of the shoes. When Minton was questioned about the package a few days later, he stated that Horsley had asked him to receive the package for him. Minton provided Horsley with his grandmother's name and address to use as the return address on the package. Minton told prison authorities that he believed that Nancy Cordell was responsible for shipping the package.
On December 17, 1998, Horsley was interviewed. He admitted that he had asked Minton to receive the package for him. Horsley stated that he had provided Minton's grandmother's name and address to appellant who was responsible for assembling the package. Horsley stated that Cordell was responsible for addressing the package, and that Cordell and appellant together mailed the package. Horsley believed that a second package was also shipped, but that it must have been lost in the mail as it had not been delivered. Horsley had planned on paying Cordell and appellant for their efforts from the profits he anticipated making from the sale the marijuana within the prison.
On January 25, 1999, MCI received a package for Robert Worden, an inmate, which was addressed in handwriting similar to that on the packaged sent to Minton. The package was opened, and inside was found a pair of hiking boots with marijuana concealed in the soles. Worden was interviewed and stated that Horsley had asked him to receive the package for him. Worden said that Horsley only wanted the shoes, and that he would be allowed to keep whatever else the package contained. Worden stated that he knew Cordell and Matusic, and that they had sent the package to his girlfriend who in turn mailed it to him.
Both boxes were sent to the Ohio State Highway Patrol Crime Lab where they were examined for the presence of latent fingerprints. The examination revealed appellant's fingerprints on the packing list contained in the package sent to Minton. As well, appellant's fingerprints were found on the box sent to Worden.
Authorities subsequently interviewed Cordell. She stated that appellant had introduced her to Horsley. She stated that appellant gave her money to purchase marijuana, which she did, and that she gave the marijuana to appellant. She also stated that she watched appellant package the marijuana into balloons; that she filled out the packing slip and addressed the package to Minton; and that she and appellant drove to Dayton where they mailed the package so that the postmark would match the return address.
On April 15, 1999, appellant was indicted on two counts of illegal conveyance of drugs onto the grounds of a detention facility in violation of R.C. 2921.36(A)(2). Before trial, appellant filed two motions with the trial court attempting to limit the prosecution's inquiries into his prior conviction and incarceration. The trial court overruled both his motion in limine and the "motion for protective order against prejudicial questions regarding convictions." A jury convicted appellant on both counts and he was sentenced accordingly. He appeals, raising two assignments of error.
In his first assignment of error appellant contends that the trial court erred by overruling the motion in limine and the motion for protective order. In both instances, appellant contends that the prosecution should not have been allowed to inquire about his prior convictions, reversed on appeal, and his incarceration at MCI as a result of the convictions.
As an initial matter, appellant contends that the records of his prior convictions were sealed pursuant to R.C. 2953.52, thus precluding the admission of all evidence related to the convictions. R.C. 2953.52
provides the procedural mechanism for sealing records after a finding of not guilty or upon dismissal of a criminal complaint. The section does not operate automatically, but requires that the person seeking to seal his official record apply to the trial court for such an order. R.C.2953.52(A)(1). The decision to grant or deny the request is discretionary. State v. Lesinski (1992), 82 Ohio App.3d 829, 831.
Appellant's motion in limine and motion for protective order cite Evid.R. 609 and the prejudicial nature of the evidence as grounds for limiting evidence of his prior convictions. It does not affirmatively appear in the record that appellant informed the trial court that the record of the convictions had been sealed, nor did he provide any evidence to the trial court indicating that the convictions were sealed. Our review of the record likewise reveals no evidence to support appellant's assertion that the record of his prior convictions were sealed. Accordingly, as a threshold matter, we find that the trial court did not abrogate R.C. 2953.52 in allowing presentation of evidence of appellant's incarceration.
In overruling appellant's pretrial motions, the trial court concluded that the prejudicial effect of the evidence was outweighed by its probative value. The trial court stated that evidence of appellant's incarceration was necessary to provide a context for the allegations and to establish appellant's relationship with Horsley and further stated that presentation of the evidence would be limited to "the fact that he was confined, not that he was convicted."
The trial court has discretion to determine whether to grant a party's motion in limine, Dubecky v. Horvitz Co. (1990), 64 Ohio App.3d 726,742, and whether to admit or exclude evidence. Krischbaum v. Dillon
(1991), 58 Ohio St.3d 58, 66. Absent an abuse of discretion "that materially prejudices a party," the trial court's decision on an evidentiary issue will stand. Id. Evid.R. 401 defines relevant evidence as any evidence which tends to make the existence of a material fact more or less probable than it would be without that evidence. All evidence which is not relevant is inadmissible. Evid.R. 402. Even when evidence is relevant, however, a trial court must exclude it when "its probative value is substantially outweighed by the danger of unfair prejudice, or confusion of the issues, or of misleading the jury." Evid.R. 403.
After a thorough review of the record, we cannot say that the trial court abused its discretion in finding that the probative value of the evidence outweighed its prejudicial effect. We agree that without this context the prosecution would be unable to demonstrate that appellant was acquainted with Horsley. The trial court did not abuse its discretion by allowing testimony regarding appellant's incarceration at MCI and the relationship he developed with Horsley while there. The assignment of error is overruled.
In his second assignment of error, appellant alleges that the limiting instruction given to the jury was insufficient to counteract the prejudicial effect of the inquiries into his past convictions.
The trial court tempered the possible prejudice to appellant by providing the jury with the following limiting instruction:
 Evidence was presented that defendant was at one time confined at Madison Correctional Institution. The conviction of a criminal offense for which he was confined was reversed by a court of appeals. His confinement at Madison correctional facility establishes a background or context to the charges before you. His reversed conviction can not be considered for any other purpose.
 Appellant failed to object to the instruction at trial and has thereby waived any error resulting from the instruction, unless it constitutes plain error. State v. Underwood (1983), 3 Ohio St.3d 12, 13. Plain error exists where the outcome of the trial would have been different absent the instruction. State v. Wood
(1992), 81 Ohio App.3d 489, 493.
A jury is presumed to follow the instructions given to it by the trial judge, and to obey curative instructions. State v. Loza (1994),71 Ohio St.3d 61, 79; State v. Franklin (1991), 62 Ohio St.3d 118, 127. The instruction given by the trial court directs the jury only to consider the evidence of appellant's incarceration as a context for the alleged illegal conveyance of drugs into a detention facility. We do not find that, but for this instruction, the outcome of the trial would have been different. Accordingly, the second assignment of error is overruled.
VALEN, P.J., and POWELL, J., concur.