OPINION
{¶ 1} The following is an accelerated calendar appeal. Pro se appellant, Willie Smith, appeals from a judgment of the Trumbull County Court of Common Pleas denying his motion for a new trial. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} The limited record before us discloses the following facts. On July 11, 2001, appellee, Retina Associates of Cleveland Inc., filed a complaint in the Trumbull County Court of Common Pleas. In its complaint, appellee maintained that it had provided appellant with various medical services to aid in correcting his vision. The complaint stated that appellant had failed to pay for the majority of these medical services. As a result, appellee's complaint requested judgment in the amount of $20,000.
 {¶ 3} Appellant, acting pro se, filed his answer and both parties engaged in discovery. Following discovery, this matter proceeded to a jury trial. After hearing the evidence presented at trial, the jury rendered a unanimous verdict in favor of appellee and ordered appellant to pay appellee $20,000. On September 11, 2002, the trial court entered judgment on the general verdict.
 {¶ 4} On September 16, 2002, appellant filed a motion for a new trial pursuant to Civ.R. 59(A). Appellant's motion argued that the jury's verdict was excessive and appeared to be influenced by passion or prejudice. In support of his argument, appellant attached a copy of a written contract made on October 13, 1999, between appellant and appellee. The contract stated that appellant agreed to pay appellee the balance of $8,800, due for surgery done on October 8, 1999, in monthly installments of $100 for forty-four months beginning on October 13, 1999. The contract further declared that "EACH $100 PYMNT WILL BE MATCHED BY RETINA[.]" In short, for each $100 monthly payment made by appellant, in accordance with the contract's payment schedule, appellee would reduce the cost of surgery by $100. Appellant's motion apparently argued that the jury ignored the foregoing contract when it assessed its monetary award of $20,000.
 {¶ 5} On November 4, 2002, the trial court issued a judgment entry denying appellant's motion for a new trial. The trial court stated, "[h]aving considered the Rule 59 Motion of Defendant Willie Smith for a New Trial, after reviewing the evidence and briefs, this Court finds said Motion not well taken."
 {¶ 6} From this judgment, appellant filed a timely notice of appeal, advancing two assignments of error for our consideration:
 {¶ 7} "[1.] The Court erred to the prejudice of the Defendant-Appellant by denying the September 16, 2002 Civil Rule 59(A) Motion of the Defendant Appellant.
 {¶ 8} "[2.] When a jury verdict is influenced by passion or prejudice the adverse party is entitled to a new trail [sic]."
 {¶ 9} Prior to examining the merit of appellant's assignments of error, we will first set forth the appropriate standard of review when examining a trial court's decision on a motion for a new trial. The decision to grant or deny a motion for a new trial under Civ.R. 59(A) is within the sound discretion of the trial court. Sharp v. Norfolk W. Ry. Co., 72 Ohio St.3d 307, 312, 1995-Ohio-224. Absent a showing of an abuse of discretion, the trial court's decision will not be disturbed on appeal. Verbon v. Pennese (1982), 7 Ohio App.3d 182, 184. An abuse of discretion connotes more than an error of law or judgment; rather it implies that the judgment can be characterized as unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When determining whether the trial court has abused its discretion, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.,66 Ohio St.3d 619, 621, 1993-Ohio-122.
 {¶ 10} We will now turn our attention to the merit of appellant's assignments of error. For the sake of clarity, we will discuss appellant's second assignment of error first. Under his second assignment of error, appellant argues that the trial court erred by denying his motion for a new trial when the evidence demonstrated that the jury's verdict was influenced by passion or prejudice. Although not explicitly stated, appellant appears to base his argument on Civ.R. 59(A)(4), which provides:
 {¶ 11} "(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 {¶ 12} "* * *
 {¶ 13} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice[.]"
 {¶ 14} We first note that the assessment of damages is a matter within the province of the jury. Weidner v. Blazic (1994),98 Ohio App.3d 321, 334. Therefore, to prevail upon a motion for a new trial based upon the jury's assessment of damages, the moving party must demonstrate that the verdict was the result of jury passion or prejudice and that it was so disproportionate in amount as to shock reasonable sensibilities. Id.
 {¶ 15} That being said, appellant's initial burden is to show evidence of passion or prejudice by the jury. When reviewing the grant or denial of a new trial pursuant to Civ.R. 59(A)(4), it has been held that the size of the verdict, without more, is insufficient to prove passion or prejudice. Weidner at 334-335. Instead, "[t]here must be something contained in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the jury." Shoemaker v.Crawford (1991), 78 Ohio App.3d 53, 65. "In determining whether a verdict was influenced by passion or prejudice, the reviewing court must consider not only the amount of damages returned, but also whether the record discloses the admission of incompetent evidence or misconduct on the part of the court or counsel or other action to sway the jury." Loudy v.Faries (1985), 22 Ohio App.3d 17, paragraph two of the syllabus. See, also, Dillon v. Bundy (1991), 72 Ohio App.3d 767, 774.
 {¶ 16} In his motion for a new trial and on appeal, appellant fails to direct our attention to any recorded evidence showing that the jury considered incompetent evidence, or that there was improper conduct which might have influenced the jury. To the contrary, appellant simply argues that the jury failed to properly construe the evidence presented at trial. Our own careful examination of the record fails to reveal evidence that would demonstrate the jury's sensibilities were wrongfully inflamed.
 {¶ 17} Furthermore, appellant has failed to supply us with a transcript of the trial court proceedings. It is well-established that "`[a]ppellant has the burden of providing a record by transcript or otherwise which exemplifies the claimed error.'" Page v. Robinson (Sept. 7, 1990), 11th Dist. No. 88-T-4126, 1990 Ohio App. LEXIS 3936, at 8, quoting Tyrrell v. Investment Assoc., Inc. (1984), 16 Ohio App.3d 47, paragraph two of the syllabus. See, also, App.R. 9(B). In the absence of an adequate record, this court is unable to evaluate the merit of the assigned error. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Thus, the actions of the trial court are presumed to be valid, and its judgment must be affirmed. Id.; See, also, Volodkevich v.Volodkevich (1989), 48 Ohio App.3d 313, 314.
 {¶ 18} Because appellant has failed to provide us with a transcript of the lower court proceedings, we are unable to further examine the jury's verdict. The contents of the record before us fail to demonstrate that the jury's assessment of damages was the result of passion or prejudice. As a result, we will presume the validity of the trial court's denial of appellant's motion for a new trial under Civ.R. 59(A)(4). Appellant's second assignment of error is without merit.
 {¶ 19} Appellant's first assignment of error contends that the trial court erred in denying his motion for a new trial based upon Civ.R. 59(A)(5) and (7), which states:
 {¶ 20} "(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 {¶ 21} "* * *
 {¶ 22} "(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;
 {¶ 23} "* * *
 {¶ 24} "(7) The judgment is contrary to law[.]"
 {¶ 25} On appeal, appellant relies solely upon the October 13, 1999 contract, which was attached to his motion for a new trial, as evidence of jury error in calculating the $20,000 monetary award. He argues that the trial court failed to recognize this error.
 {¶ 26} At the outset, we must resolve whether appellant's failure to provide a transcript of the jury trial prohibits us from reviewing the October 13, 1999 contract. It is well-established under Ohio law that "[a] reviewing court cannot consider an exhibit unless the record demonstrates that the exhibit was formally admitted into evidence in the lower court." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028, at 4, citing State v. Ishmail (1978),54 Ohio St.2d 402, paragraph one of syllabus; Moore v. Nichol (Oct. 30, 1991), 9th Dist. No. 15062, 1991 Ohio App. LEXIS 5219. See, also, GrangeMut. Cas. Co. v. Biehl (Mar. 11, 1998), 9th Dist. No. 18304, 1998 Ohio App. LEXIS 892, at 6.
 {¶ 27} Appellant's failure to provide us with a transcript of the lower court's proceedings precludes us from determining whether the October 13, 1999 contract was admitted as an exhibit. Thus, this court has nothing to pass upon and "has no choice but to presume the validity of the lower court's proceedings[.]" Knapp at 199. Appellant's first assignment of error is without merit.
 {¶ 28} Assuming arguendo that we had the ability to examine the October 13, 1999 contract, appellant still would fail to demonstrate error by the trial court. "Regarding a motion for new trial, absent clear evidence that the trial court acted unreasonably, unconscionably, or arbitrarily and rendered a decision which is clearly wrong and without legal basis, the trial court's decision must be affirmed." Euclid BeachLtd. v. Brockett (Dec. 9, 1999), 8th Dist. No. 75047, 1999 Ohio App. LEXIS 5910, at 7.
 {¶ 29} In the instant case, the October 13, 1999 contract, standing alone, is inadequate evidence to determine how the jury calculated damages. Specifically, there is no transcript to determine the context in which this contract might have appeared. Thus, there is no way to demonstrate whether there was evidence in contradiction to the contract, or parole evidence that affected the interpretation of the contract. Further, there is no evidence that appellant complied with his duties under the contract. Without a record of what was before the jury, we are unable to find that the trial court acted unreasonably, unconscionably, or arbitrarily when it denied appellant's motion for a new trial. Appellant has simply failed to demonstrate any error. For this additional reason, appellant's first assignment of error is without merit.
 {¶ 30} Based upon the foregoing analysis, appellant's assignments of error are without merit, as they have not been demonstrated by the record. The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Donald R. Ford, P.J., and Diane V. Grendell, J., concur.