OPINION
{¶ 1} Appellants, Phyllis A. Moder ("Phyllis") and George R. Moder, appeal the January 21, 2004 judgment entry in which the Trumbull County Court of Common Pleas denied their motion for new trial.
 {¶ 2} On November 21, 2001, appellants filed a complaint against appellee, Letscher LLC, d.b.a. McKinley Lanes Bowling Center. Appellants alleged that appellee was negligent in allowing an unsafe condition to exist within its business premises. Appellee filed its answer on December 5, 2001. A jury trial commenced on September 29, 2003, and the jury returned a verdict in favor of appellee on October 2, 2003.
 {¶ 3} The facts pertaining to this appeal are as follows. Appellants were attending a birthday party for their grandson on September 30, 2000, at a bowling center operated by appellee. After entering the front entrance, Phyllis talked to some family members and proceeded toward the bowling lanes. As she arrived near the lanes, she fell off a small step between the carpeted foyer area and tiled approach. As a result, Phyllis fractured her ankle.
 {¶ 4} During closing argument, defense counsel stated that appellants' attorney purchased the bone simulator on behalf of appellants so that they could inflate the damages.[1]
 {¶ 5} On October 17, 2003, appellants filed a motion for a new trial on the basis of statements made by appellee's counsel during closing arguments. Appellee filed a memorandum in opposition to the motion for new trial on October 27, 2003. In an entry dated January 21, 2004, the trial court denied appellants' motion for new trial. It is from that entry that appellants timely filed the instant appeal and now raise a single assignment of error for our review:
 {¶ 6} "The trial court committed reversible error when it denied [appellants'] motion for new trial."
 {¶ 7} For their sole assignment of error, appellants claim that the trial court erred by denying their motion for new trial because defense counsel misled the jury with unreasonable and false inferences.
 {¶ 8} Preliminarily, we must resolve whether appellants' failure to provide a full transcript of the jury trial prohibits us from reviewing the assigned error. It is wellestablished under Ohio law that the failure to file a transcript of the trial court proceedings is important because to prevail on appeal, an appellant must affirmatively demonstrate, through reference to the record, that the trial court committed error.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; Buckley v.Ollila (Mar. 3, 2000), 11th Dist. No. 98-T-0177, 2000 WL 263739, at 2.
 {¶ 9} If a transcript of the proceedings is unavailable, an appellant may submit a statement of the evidence before the trial court or an agreed statement of the facts as the record on appeal in the manner set out in App.R. 9(C) and (D). Appellants, however, have failed to supply this court with either a full transcript of the trial or a statement that conforms with App.R. 9(C) or (D). Rather, they simply included appellee's portion of the closing arguments. Nonetheless, in the interests of justice, we will briefly address the merits of appellants' argument.
 {¶ 10} The grant or denial of a Civ.R. 59(A) motion for a new trial is committed to the sound discretion of the trial court and, on appeal, will not be reversed absent an abuse of discretion. Mannion v. Sandel (2001),91 Ohio St.3d 318, 321. An abuse of discretion connotes more than simply an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} "Great latitude is afforded counsel in the presentation of closing argument to the jury." Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph two of the syllabus. "The assessment of whether the permissible bounds of closing argument have been exceeded is, in the first instance, a discretionary function to be performed by the trial court." Id. at paragraph three of the syllabus. We will not reverse the trial court's decision in this regard absent an abuse of discretion. Id. To warrant reversal, appellants must show that there is room for doubt that the verdict was influenced by the improper remarks, rather than being rendered on the evidence. Borucki v. Skiffey (Sept. 14, 2001), 11th Dist. Nos. 2000-T-0029 and 2000-T-0057, 2001 WL 1077854, at 2, citingPesek v. Univ. Neurologists Assn. (2000), 87 Ohio St.3d 495.
 {¶ 12} We note that prejudicial error can occur when counsel makes remarks that are unsupported or not warranted by the evidence and that are calculated to arouse passion or prejudice or are designed to misrepresent the evidence to the extent that there is a substantial likelihood that the jury may be misled. Sinea v. Denman Tire Corp.
(1999), 135 Ohio App.3d 44, 63. "Only if circumstances are of such reprehensible and heinous nature as to constitute prejudice will an appellate court reverse the judgment of the trial court." Id.
 {¶ 13} Appellants raise one item in support of their claim that opposing counsel committed prejudicial error in closing arguments. Appellee's attorney alluded to the fact that appellants' attorney attempted to inflate Phyllis's damages by buying the bone simulator machine instead of renting it. During closing arguments appellee's attorney discussed how the incident occurred, Phyllis's injuries, and then stated:
 {¶ 14} "* * * But it you look at * * * the medical bills, the one thing that is going to pop out at you broadly * * * is the fact that there is one piece of equipment that makes this go from a small injury to a big dollar case, and that is that electrical bone stimulator, which costs $4,450.00. * * * So, prior to that time — prior to the time that she would of, you know, would of had her foot heal naturally, the doctor said that there is a chance that that may not have been needed in the first place.
 {¶ 15} "* * * I remember asking the question, `doctor, would you agree with me that had [Phyllis] stayed immobile, there may have been no need for the use of the bone stimulator?' * * * [H]e said `yes.' * * * He's not a fortune-teller, he can't tell the future, but he is telling us that she may not have needed to spend an extra $4,450.00, if she just stayed off of her foot.
 {¶ 16} "And I think what is most disturbing about that — * * * if you * * * look to see whose name is right across the top. * * * Attorney Ilan Wexler. This was a piece of equipment that Attorney Wexler got for his client. * * * [She] [u]sed it for what, two months, $4,450.00 for two months of a machine. If you remember in the doctor's deposition, I asked, `is this something that she has to continue to use for the rest of her life? No, she's done with it. Never have to use it again.' But, yet, they bought a machine for $4,450.00. Why? So that they could bring it into this Courtroom. They wanted you to see it. They don't want her to just have to rent it and take it back. * * *"
 {¶ 17} Interestingly, appellants' counsel did not object to the foregoing passage. We cannot say that the trial court abused its discretion by denying appellants' motion for a new trial since there was no objection. Furthermore, without a transcript or authorized substitute, this court will presume the regularity of the trial court in denying appellants' motion for a new trial. Also, without a transcript, we cannot determine whether appellee's counsel made any improper comments, and we do not know whether the trial judge, during the course of the proceedings, instructed the jury that closing arguments are not evidence.
 {¶ 18} For the foregoing reasons, appellants' lone assignment of error is not welltaken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
Grendell, J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] We note that the transcript in the record before us only contains the closing argument by defense counsel and not the trial itself.