OPINION
{¶ 1} Plaintiffs-Appellants Karen and Kenneth Elwer ("Elwers") appeal from the April 6, 2006 Judgment Entry of the Allen County Court of Common Pleas, Allen County, Ohio overruling their Motion for Additur and New Trial for Damages.
 {¶ 2} Prior to addressing the facts and issues relevant to the present appeal, we note that no transcript of the proceedings was filed with the court pursuant to App. R. 9(B). Therefore the ensuing narration of facts is based upon our review of the following documents: complaint, first amended complaint, deposition testimony of Tereva Lacy, deposition testimony of Darryl Lacy, deposition testimony of Dr. John Sheagren, and trial brief of Alliant Food Service, Inc.
 {¶ 3} This case involves a claim of negligent food preparation brought by the Elwers against Carrols Corporation d/b/a Burger King. On June 29, 2001 Karen Elwer ("Karen") consumed a hamburger allegedly contaminated with E. coli bacteria at a Burger King restaurant in Lima, Ohio owned and operated by Carrols Corporation. Karen began to feel ill that evening, and by the next morning had developed stomach cramps and diarrhea. Karen went to the emergency room on July 2, 2001 and was diagnosed as suffering from an E. coli infection. Karen was admitted to the hospital and remained hospitalized for three days. On July 9, 2001 Karen complained of weakness and was readmitted to the hospital and received blood transfusions after being diagnosed with hemolytic uremic syndrome.
 {¶ 4} The Elwers filed their original complaint on August 2, 2002 but voluntarily dismissed it without prejudice. On October 29, 2003 the Elwers re-filed their complaint against Carrols Corporation and later filed an amended complaint. Carrols Corporation filed a third-party complaint against Alliant Food Service, Inc. This matter proceeded to a jury trial commencing on January 30, 2006.
 {¶ 5} At trial the parties contested the issues of negligence, proximate cause, injuries and damages. On January 31, 2006 the jury initially returned with a verdict in favor of Karen Elwer in the amount of $13,385.76, an amount equal to the agreed amount of medical damages in this case. However, upon further instruction from the trial court, the jury was instructed to deliberate further on an amount of damages beyond just the medical bills. Thereafter the jury returned with a verdict of $13,400.00 in favor Karen Elwer and a verdict of $0.00 in favor of Kenneth Elwer. These verdicts were filed with the court on February 1, 2006 and on March 2, 2006 a Final Judgment Entry was filed concerning these verdicts.
 {¶ 6} On March 16, 2006 the Elwers filed an Alternative Motion for Additur or for a New Trial on the Issue of Damages Only. In its April 6, 2006 Order the trial court overruled the Motion for Additur and New Trial for Damages.
 {¶ 7} The Elwers now appeal, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO ORDERA NEW TRIAL ON THE ISSUE OF DAMAGES, ONLY.
 {¶ 8} In their sole assignment of error, Appellants allege that the trial court abused its discretion when it overruled their motion for additur, or, in the alternative, motion for a new trial on damages.
 {¶ 9} Preliminarily, we must resolve whether Appellants' failure to provide a full transcript of the jury trial prohibits this court from reviewing Appellants' assignment of error. It is well-established under Ohio law that the failure to file a transcript of the trial court proceedings is important because to prevail on appeal, an appellant must affirmatively demonstrate, through reference to the record, that the trial court committed error. Moder v. Letscher 11th Dist. No. 2004-T-0013,2005-Ohio-700 citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384. If a transcript of the proceedings is unavailable, an appellant may submit a statement of the evidence before the court or an agreed statement of the facts as the record on appeal pursuant to App.R. 9(C) and (D).Id.
 {¶ 10} However, Appellants have failed to supply this court with either a full transcript of the trial or a statement that complies with App.R. 9(C) or (D). Instead, Appellants have simply included a copy of the trial court's Order overruling the motion for additur and new trial for damages which includes a brief recitation of the dialogue at trial when the jury first returned with its verdict for medicals only.
 {¶ 11} The granting of a new trial pursuant to Civ.R. 59(A) is a matter within the sound discretion of the trial court.Douglas Elec. Corp. v. Grace (1990), 70 Ohio App.3d 7, 16,590 N.E.2d 363. Furthermore, a trial court's denial of a motion for a new trial based upon an allegedly insufficient damages award will not be reversed on appeal unless the trial court abused its discretion. Domestic Linen Supply Laundry Co. v. KenwoodDealer Group, Inc. (1996), 109 Ohio App.3d 312, 326,672 N.E.2d 184. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 12} Pursuant to Civ.R. 59(A), a new trial may be granted upon any of the following grounds:
(1) Irregularity in the proceedings of the court, jury,magistrate, or prevailing party, or any order of the court ormagistrate, or abuse of discretion, by which an aggrieved partywas prevented from having a fair trial;
 (2) Misconduct of the jury or prevailing party;
 (3) Accident or surprise which ordinary prudence could nothave guarded against;
 (4) Excessive or inadequate damages, appearing to have beengiven under the influence of passion or prejudice;
 (5) Error in the amount of recovery, whether too large or toosmall, when the action is upon a contract or for the injury ordetention of property;
 (6) The judgment is not sustained by the weight of theevidence; however, only one new trial may be granted on theweight of the evidence in the same case;
 (7) The judgment is contrary to law;
 (8) Newly discovered evidence, material for the partyapplying, which with reasonable diligence he could not havediscovered and produced at trial;
 (9) Error or law occurring at the trial and brought to theattention of the trial court by the party making theapplication;
 {¶ 13} Although Appellants did not specifically state which subsection of Civ.R. 59(A) applied to their motion for a new trial, upon our examination of the rule it appears that the only applicable subsections are (4), (6), and (7). Therefore, our discussion shall be confined to these subsections.
 {¶ 14} With regard to Civ.R. 59(A)(4), we first note that the assessment of damages is a matter within the province of the jury. Weidner v. Blazic (1994), 98 Ohio App.3d 321, 334,648 N.E.2d 565. Therefore, to prevail upon a motion for a new trial based upon the jury's assessment of damages, the moving party must demonstrate that the verdict was the result of jury passion or prejudice and that it was so disproportionate in amount as to shock reasonable sensibilities. Retina Assoc. of Cleveland, Inc.v. Smith 11th Dist. No. 2002-T-0170, 2003-Ohio-7188 citingWeidner, supra.
 {¶ 15} Therefore, we note that Appellants' initial burden is to show evidence of passion or prejudice by the jury. When reviewing the grant or denial of a new trial pursuant to Civ.R. 59(A)(4), it has been held that the size of the verdict, without more, is insufficient to prove passion or prejudice. RetinaAssoc. of Cleveland at ¶ 15 citing Weidner at 334-335,648 N.E.2d 565. Instead, `[t]here must be something contained in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the jury." Shoemaker v. Crawford
(1991), 78 Ohio App.3d 53, 65, 603 N.E.2d 1114. "In determining whether a verdict was influenced by passion or prejudice, the reviewing court must consider not only the amount of damages returned, but also whether the record discloses the admission of incompetent evidence or misconduct on the part of the court or counsel or other action to sway the jury." Loudy v. Faries
(1985), 22 Ohio App.3d 17, 488 N.E.2d 235, paragraph two of the syllabus.
 {¶ 16} We find that Appellants have failed to demonstrate improper conduct which may have influenced the jury. Instead, Appellants simply argue that the jury's initial refusal to award pain and suffering, their rounding up to the nearest $100, and their failure to award damages for the consortium claim are all indicative of a jury deliberation driven by passion or prejudice. Our review of the limited record before us fails to reveal evidence that would demonstrate wrongful inflammation of the jury's sensibilities and fails to demonstrate that the jury's award of damages was the result of passion or prejudice. Additionally, due to Appellants' failure to provide us with a transcript, we are unable to further examine the jury's verdict. Therefore, we find that the trial court's denial of Appellants' motion for a new trial presumably under Civ.R. 59(A)(4) was proper.
 {¶ 17} Turning our attention to Civ.R. 59(A)(6), we note that Appellants argue that the jury verdict of $13,400.00 for Karen Elwer was against the weight of the evidence when $13,385.76 was the agreed amount of medical damages. Specifically, Appellants argue that jury's "rounding up" the amount to award only $14.24 for pain and suffering cannot be reconciled with the evidence presented and is not an amount to make Karen whole after her illness.
 {¶ 18} In assessing whether a verdict is contrary to the weight of the evidence, trial courts are vested with wide discretion to determine whether a manifest injustice has been done. Dillon v. Bundy (1991), 72 Ohio App.3d 767, 773,596 N.E.2d 500. In order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim. Iames v. Murphy (1995),106 Ohio App.3d 627, 631, 666 N.E.2d 1147.
 {¶ 19} Additionally, we note that the credibility of witnesses is for the jury to decide. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Credibility is always an issue, and it is for the fact finder to impartially determine if a witness is credible and the amount of weight to be afforded to that particular witness' testimony.State v. Bayer (1995), 102 Ohio App.3d 172, 182,656 N.E.2d 1314.
 {¶ 20} In the present case, the record reflects that in its April 6, 2006 Order, the trial court directly addresses Appellants' contention that the damage award is inadequate and against the weight of the evidence. Not only does this order recite the instructions from the court to the jury regarding the need to award an amount beyond just medical damages, but also states: "The Court will not interfere with the province of the jury as fact finders. Its findings were not against the manifest weight of the evidence." Clearly, the trial court understood the important role of the jury as fact finders to determine the credibility of witnesses presented at trial and gave appropriate deference to their verdict in overruling Appellants' motion for additur and new trial on damages.
 {¶ 21} Furthermore, due to the lack of a transcript, our review of the limited record fails to demonstrate that the jury's verdict cannot be reconciled with the undisputed evidence in the case or is the result of an the jury's failure to include all the items of damage making up the Appellants' claim. We note that it was properly within the jury's discretion to award Karen Elwer nominal damages and Appellants fail to provide any specific allegations as to what occurred at trial as to why the jury's verdict was against the weight of the evidence to justify sustaining their assignment of error on this basis. To the contrary, Appellants simply argue that the jury verdict was grossly inadequate. Therefore, we find that the trial court's denial of Appellants' motion for a new trial presumably under Civ.R. 59(A)(6) was appropriate and not against the manifest weight of the evidence.
 {¶ 22} Finally, turning our attention to Civ.R. 59(A)(7), we note that this subsection allows a court to grant a new trial if the judgment is contrary to law. When a party asserts that a judgment is contrary to law pursuant to Civ.R. 59(A)(7), the question presented is one of law which requires a review of facts and evidence; it does not involve a consideration of the weight of the evidence or credibility of the witnesses. Wright v.Suzuki Motor Corp. 4th Dist. Nos. 03CA2, 03CA3 and 03CA4,2005-Ohio-3494 citing Pangle v. Joyce (1996),76 Ohio St.3d 389, 667 N.E.2d 1202, citing O'Day v. Webb (1972),29 Ohio St.2d 215, 280 N.E.2d 896, paragraph two of the syllabus. Thus, a court reviewing a trial court's decision regarding a Civ.R. 59(A)(7) motion for a new trial is to decide whether the judge erred as a matter of law. Wright at ¶ 127 citing O'Day,29 Ohio St.2d 215, 280 N.E.2d 896, paragraph one of the syllabus.
 {¶ 23} However, we note that Appellants have again failed to direct our attention to any error of law by the trial court that would entitle them to a new trial. Therefore, we find that the trial court's denial of Appellants' motion for a new trial presumably under Civ.R. 59(A)(7) was appropriate and the court did not err as a matter of law.
 {¶ 24} Based upon the foregoing, we can only conclude that the jury's verdict awarding Appellants $13,400.00 in damages was supported by sufficient, competent, credible evidence. As a result, we find that the judgment is not against the weight of the evidence and the trial court did not abuse its discretion in denying Appellants' motion for a new trial that was merely generally premised on an alleged inadequacy of compensation for damages. Furthermore, without a transcript of the proceedings or an authorized substitute, this court must also presume the regularity of the trial court in denying Appellants' motion. Therefore, Appellants' sole assignment of error is overruled and the judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
 Bryant, P.J., and Rogers, J., concur.