OPINION
{¶ 1} Plaintiff-Appellant Nathan A. Graham ("Graham") appeals from the August 28, 2006 Judgment Entry of the Court of Common Pleas of Hancock County, Ohio overruling Graham's motion to strike and motion for default judgment, sustaining Defendant-Appellee Candace Nigh's[1] ("Nigh") motion to dismiss, and subsequently dismissing Graham's complaint.
 {¶ 2} This matter stems from events occurring in February, 1999 in Hancock County.[2] On April 20, 2004 Graham filed a complaint against Nigh, asserting that "on or about February 15, 1999 Nigh . . . maliciously, willfully, and wantonly, did make a false report to the Hancock County Police Department and the Hancock County Sheriff's Department" accusing Graham of rape. Graham's complaint alleged that Nigh's actions and conduct constituted slander, libel and defamation of character against him but did not reference any alleged defamatory statement with particularity. *Page 3 
 {¶ 3} Graham filed a motion for default judgment on June 1, 2004 but it was overruled by the trial court for failure to comply with Civ. R. 55. Graham's subsequent renewed motion for default judgment was overruled by the trial court on November 16, 2004. On January 5, 2005 Graham filed a notice of matters admitted and a motion for summary judgment on written admissions. Graham's motion for summary judgment was overruled by the trial court on October 31, 2005.
 {¶ 4} On November 1, 2005 the trial court trial court set this matter for a civil jury trial commencing January 17, 2006. However, on January 18, 2006 the trial court issued a Judgment Entry continuing the jury trial at Graham's request, recusing itself from the additional handling of this litigation, and advising the parties that the case was continued pending assignment of a successor judge by the Ohio Supreme Court and the establishment of a timetable by the successor judge.
 {¶ 5} A successor judge was subsequently appointed, and on May 1, 2006 the trial court conducted a pretrial hearing wherein Graham appeared pro se, by telephone and Nigh appeared pro se, in person. In its May 1, 2006 Pretrial Minutes and Order, the trial court scheduled an interim pretrial for August 25, 2006 and granted Nigh "two weeks to obtain counsel/file responses to pending motions." On May 15, 2006 Nigh's counsel filed a request for an extension of *Page 4 
time to answer Graham's complaint and pending motions. The trial court granted Nigh's request on May 30, 2006.
 {¶ 6} On June 12, 2006 Nigh filed an answer and affirmative defenses, raising the defense that Graham's complaint failed to state a claim upon which relief could be granted pursuant to Civ. R. 12(B). Nigh also alleged that Graham was prevented from proceeding in this matter as the claims he advanced were beyond the one year statute of limitations applicable to this matter pursuant to R.C. 2305.11(A). Nigh simultaneously filed a motion to dismiss this matter for the same reasons. Graham subsequently filed a motion to strike Nigh's answer and a motion for default judgment.
 {¶ 7} On August 25, 2006 the trial court conducted a hearing and addressed Nigh's motion to dismiss and Graham's motion to strike answer and motion for default judgment. In its August 28, 2006 Judgment Entry the trial court found that any neglect of the matter by Nigh was excusable and overruled Graham's motion to strike and motion for default judgment. The trial court granted Nigh's motion to dismiss and dismissed Graham's complaint.
 {¶ 8} Graham now appeals, asserting three assignments of error.
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT IMPROPERLY DISMISSED APPELLANT'S COMPLAINT WHICH PREJUDICED THE COURT AND VIOLATED ARTICLE I, SECTION 2 AND 16 *Page 5 OF THE OHIO CONSTITUTION AND OHIO CIVIL RULE 6(B)(2) AND 12(A)(1).
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED APPELLEE'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION WHICH PREJUDICED THE COURT AND GRAHAM'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER ARTICLE I, SECTION 2 AND 16 OF THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR III THE TRIAL COURT AND APPELLANT WERE PREJUDICED WHEN THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF THE CONSTITUTIONAL RIGHT TO JURY DETERMINATION OF FACTS IN VIOLATION OF ARTICLE I, SECTION 5, OF THE OHIO CONSTITUTION AND DUE PROCESS UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 {¶ 9} For ease of discussion, we shall address Graham's first and second assignments of error together.
 {¶ 10} In his first and second assignments of error, Graham contends that the trial court abused its discretion by granting Nigh leave to file an answer to Graham's complaint and denying his motion to strike the answer. Graham further contends that the trial court abused its discretion by granting Nigh's motion to dismiss and subsequently dismissing his complaint.
 {¶ 11} As a preliminary matter, we must resolve whether Graham's failure to provide a transcript of the August 25, 2006 proceedings prohibits this court from reviewing Graham's assignments of error. It is well-established under Ohio *Page 6 
law that the failure to file a transcript of the trial court proceedings is important because to prevail on appeal, an appellant must affirmatively demonstrate, through reference to the record, that the trial court committed error. Elwer v. Carrol's Corp. 3rd
Dist. No. 1-06-33, 2006-Ohio-6085 citing Moder v. Letscher
11th Dist. No. 2004-T-0013, 2005-Ohio-700. If a transcript of the proceedings is unavailable, an appellant may submit a statement of the evidence before the court or an agreed statement of the facts as to the record on appeal pursuant to App. R. 9(C) and (D).Id.
 {¶ 12} Graham has failed to supply this court with either a full transcript of the August 25, 2006 hearing or a statement that complies with App. R. 9(C) or (D). Instead, Graham has simply included a copy of the trial court's August 28, 2006 Judgment Entry. Although Graham's failure to supply this court with a transcript of the August 25, 2006 hearing does not entirely prohibit this court from reviewing his assignments of error, we note that our review of the matter is confined to the record and the contents of the trial court's August 28, 2006 Judgment Entry.
 {¶ 13} It is undisputed that Nigh did not file an answer to Graham's complaint or file her motion to dismiss within the time permitted by the Ohio Rules of Civil Procedure. However, the May 1, 2006 Pretrial Minutes and Order reflects that the trial court granted Nigh two weeks to obtain counsel and file responses to pending motions. Nigh subsequently retained counsel who filed a *Page 7 
timely request for an extension of time to "answer, move or otherwise plead to Graham's complaint and pending motions." On May 30, 2006 the trial court granted Nigh's request for an extension of time and provided an extension until June 12, 2006 to file her responses; whereupon Nigh filed an answer and affirmative defenses and motion to dismiss pursuant to Civ. R. 12(B).
 {¶ 14} Civ. R. 6(B)(2) permits an extension of time to file a late pleading, and provides in relevant part, as follows:
 "When by these rules . . . an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."
 {¶ 15} A trial court's Civ. R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. First Federal SLAssoc. of Lakewood v. Dus 8th Dist. Nos. 79018 and 79039, 2003-Ohio-3639 citing Miller v. Lint (1980), 62 Ohio St.2d 209,404 N.E.2d 752, 754-755; Evans v. Chapman (1986), 28 Ohio St.3d 132,502 N.E.2d 1012. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id. *Page 8 
 {¶ 16} Furthermore, the proper standard by which the trial court is required to analyze a request for leave to plead out of rule is, as set forth Civ. R. 6, that of excusable neglect. Marion Production CreditAssn. v. Cochran (1988), 40 Ohio St.3d 265, 271, 533 N.E.2d 325 citingMiller v. Lint, (1980) 62 Ohio St.2d 209, 214, 404 N.E.2d 752. It must appear from the record that the successfully moving party made a showing of excusable neglect sufficient to support the trial court's finding to that effect. Id. The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful that cases should be decided on their merits, where possible, rather than procedural grounds.Id. citing Griffey v. Rajan (1987), 33 Ohio St.3d 75, 79-81,514 N.E.2d 1122.
 {¶ 17} In its August 28, 2006 Judgment Entry the trial court referenced the proceedings conducted on May 1, 2006 wherein the court found that Nigh had recently completed a pregnancy, and that her failure to defend was not due to a disregard of the court, but instead upon her lack of understanding of the system, her lack of resources with which she could obtain counsel or other advice, and her fear of the legal system.[3] In determining that Nigh's neglect of the matter was excusable, the trial court also stated as follows: *Page 9 
 "[t]he crux of this action for defamation was that the defendant was the alleged victim of a crime perpetrated by the plaintiff upon her, and that after the plaintiff was convicted on other pending charges, the State dismissed the charges against the plaintiff where the defendant was the victim. This action therefore alleges that the "victim" of a criminal act has defamed the perpetrator by filing the charges."
See August 28, 2006 Judgment Entry, page 2.
 {¶ 18} In considering all of the facts and circumstances presented to the trial court, we find that the trial court did not abuse its discretion in determining that Nigh's neglect of the matter, which resulted in her failure to file a timely responsive pleading, was excusable.
 {¶ 19} Turning our attention to Graham's contention that the trial court also abused its discretion by granting Nigh's motion to dismiss and subsequently dismissing his complaint, we must address the nature of Nigh's motion to dismiss. Nigh's motion to dismiss was filed pursuant to Civ. R. 12(B)[4] and Civ. R. 41(B) and submits that the trial court was without jurisdiction because Graham's cause of action was time barred by virtue of the applicable statute of limitations.
 {¶ 20} A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. Wilson v. State *Page 10 
(1995), 101 Ohio App.3d 487, 491, 655 N.E.2d 1248. For purposes of a Civ. R. 12(B)(6) motion, the trial court must accept all factual allegations as true and make every reasonable inference in favor of the nonmoving party. Mitchell v. Speedy Car-X, Inc. (1998),127 Ohio App.3d 229, 231, 712 N.E.2d 786 citing Shockey v. Wilkinson (1994),96 Ohio App.3d 91, 93, 644 N.E.2d 686. In order for a complaint to be dismissed under Civ. R. 12(B)(6) as being barred by the statute of limitations, it must be obvious from the face of the complaint that the action is time-barred. Steiner v. Steiner (1993), 85 Ohio App.3d 513, 518-519,620 N.E.2d 152.
 {¶ 21} Taking all of Graham's allegations as true and construing all inferences in his favor, it is clear that Graham's cause of action against Nigh is for slander, libel and defamation of character. Thus, the applicable statute of limitations is found in R.C. 2305.11(A) which provides, in relevant part, that "[a]n action for libel, slander, malicious prosecution, or false imprisonment . . . shall be commenced within one year after the cause of action accrued . . ." (Emphasis added).
 {¶ 22} Our review of the record demonstrates that Graham's complaint alleges that "[o]n or about February 15, 1999 Candice Nigh . . . maliciously, willfully and wantonly, did make a false report to the Hancock County Police *Page 11 
Department . . ." However, Graham did not file his cause of action until April 20, 2004. This is more than four years after the date Nigh's alleged tortious acts occurred and obviously outside of the one year statute of limitations provided by R.C. 2305.11(A). Because this defect is obvious from the face of Graham's complaint, we find that the trial court properly granted Nigh's motion to dismiss under Civ. R. 12(B). Accordingly, Graham's first two assignments of error are overruled.
 Assignment of Error III {¶ 23} In his third assignment of error, Graham contends that the trial court erred in dismissing his cause of action as it deprived him of his constitutional right to a jury trial. However, based on our disposition of Graham's first and second assignments of error, Graham's third assignment of error is moot and we decline to address it.
 {¶ 24} Based upon the foregoing, we cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably in granting Nigh's motion to dismiss and subsequently dismissing Graham's complaint. Accordingly, Graham's assignments of error are overruled and the judgment of the Court of Common Pleas of Hancock County is affirmed.
[1] Although Nigh is now known as "Candice Bosse" we will use her former name to avoid any confusion.
[2] On February 23, 1999 a Hancock County Grand Jury indicted Graham on 16 various criminal offenses. This case (No. 99-25-CR) proceeded to a jury trial and Graham was found guilty of seven counts contained in the indictment (including Attempted Murder, Rape, two counts of Felonious Assault, Kidnapping, and Having Weapons While Under Disability). Graham was subsequently sentenced to prison for these convictions. On March 23, 1999 a Hancock County Grand Jury indicted Graham on four criminal offenses: Possession of a Controlled Substance, Kidnapping with a firearm specification, Felonious Assault with a firearm specification and Felonious Assault; all related to another, separate incident than that occurring in Case No. 99-25-CR. However, on March 20, 2001 this indictment (Case No. 99-47-CR) was dismissed by the court at the State's request in light of the sentence imposed in Case No. 99-25-CR. The Hancock County Prosecutor's Office also opted not to indict Graham in another matter involving Nigh as a victim which gave rise to the present case.
[3] As Graham has also failed to provide this court with a transcript of the May 1, 2006 Pretrial Hearing proceedings, we can only rely on that which was presented by the trial court in its August 28, 2006 Judgment Entry.
[4] Although Nigh's motion to dismiss does not state with particularity which subsection of Civ. R. 12(B) is relied upon in support of the motion, Nigh's answer and affirmative defenses, filed simultaneously with the motion to dismiss, allege that Graham's complaint "fails to state a claim upon which relief can be granted pursuant to Civ. Rule 12(B)." Accordingly, we can presume that Nigh's motion to dismiss was filed pursuant to Civ. R. 12(B)(6) and our analysis of the motion to dismiss shall reflect the same.
 Judgment affirmed.
 WILLAMOWSKI, J., concurs separately.
 ROGERS, P.J., dissents. *Page 12